The plaintiff appeals the order of the trial court compelling the plaintiff to arbitrate his claims against the defendants and dismissing his civil action against them without prejudice. The plaintiff raises and ably argues several issues. An opinion framing but not deciding one of these issues will be valuable to the bench and bar in arbitration cases. See Rule 53, Ala.R.App.P. We must, however, affirm.
The plaintiff argues, for the first time on appeal, that a dismissal is the wrong form of relief for a trial court to grant in compelling a plaintiff to arbitrate his claims. The plaintiff argues that, if a motion to compel arbitration is due to be granted, the appropriate relief for the moving defendant is an order compelling the plaintiff to arbitrate and staying, not dismissing, the plaintiff's action during the pendency of the arbitration.
On the one hand, this Court has recognized that, if the trial court, in granting a motion to compel arbitration, dismisses the plaintiff's action, the dismissal is an appealable order. Thompson v. Skipper RealEstate Co., 729 So.2d 287, 288 n. 1 (Ala. 1999). On the other hand, a majority of this Court has never agreed, in a case presenting the precise issue, that dismissing a plaintiff's action, as distinguished from staying the action, is the proper way to grant a motion to compel arbitration. Only four of the nine Justices agreed with the conclusion inHurst v. Tony Moore Imports, Inc., 699 So.2d 1249, 1258-59 (Ala. 1997), that, if all of the plaintiff's claims are arbitrable, the trial judge does not abuse his discretion in ordering arbitration and dismissing the action.
The plaintiff cites Section 3 of the Federal Arbitration Act ("FAA") for the proposition that a stay, and not a dismissal, is the only proper form of relief. That section provides: *Page 908 
 "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." (Emphasis added.)
9 U.S.C. § 3. In response, the defendants cite Alford v. Dean WitterReynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992), for the proposition that the "weight of authority clearly supports dismissal of the case whenall of the issues raised in the district court must be submitted to arbitration."
We note a potential for injustice. If a plaintiff's court action be dismissed to enforce an arbitration agreement, but, through no fault of the plaintiff's, the arbitration be not concluded or some of the plaintiff's claims be not arbitrated, a statute of limitations could bar a refiling of the unarbitrated claims in court. Sometimes, for instance, an arbitrator's first duty under an arbitration agreement is to determine the arbitrability of a plaintiff's claims. In such a case, the arbitrator could rule that some or all of the plaintiff's claims should be litigated and not arbitrated. Moreover, a stay, as distinguished from a dismissal, would likely better conserve the time and resources of the parties and the trial court even in the event of a successful arbitration, inasmuch as the winner commonly wants the arbitration award reduced to a judgment.
In the case before us, however, the plaintiff did not contend in the trial court that a dismissal, as distinguished from a stay, was not the appropriate form of relief or that a stay, as distinguished from a dismissal, was the only form of relief authorized by the FAA. Rather, the plaintiff raises this issue for the first time on appeal. The appellate courts will not consider a challenge to an order or a judgment of a trial court asserted for the first time on appeal. Landers v. O'Neal Steel,Inc., 564 So.2d 925, 926 (Ala. 1990) ("This Court will not review an issue raised for the first time on appeal."); and Pate v. State,601 So.2d 210, 213 (Ala.Crim.App. 1992) ("An issue raised for the first time on appeal is not subject to review because it has not been properly preserved and presented."). Therefore, we do not decide the stay-versus-dismissal issue presented for the first time on appeal in this case. Accordingly, we must affirm the judgment of the trial court compelling the plaintiff to arbitrate his claims and dismissing his action.
AFFIRMED.
See, Lyons, Brown, Harwood, and Woodall, JJ., concur.
Houston, J., concurs specially.
Stuart, J., concurs in the result.
Moore, C.J., dissents.