MURDOCK, Judge.
G.C. appeals from an order of the Jefferson Circuit Court in a pending paternity case involving J.G., the mother; G.C.’s alleged daughter, B.L.G. (“the child”), who was born to the mother in September 1991; and the Jefferson County Department of Human Resources (“DHR”).
In July 2002, the mother filed a “Complaint for Paternity and Child Support” in the Jefferson Family Court (“the 2002 action”).[1] The mother alleged that G.C. was the father of the child and that she was receiving benefits and services from DHR. The mother requested that the family court enter an order adjudicating G.C. to be the child’s father and directing him to pay child support.
In the 2002 action, both the mother and G.C. appeared pro se and DHR appeared through its attorney. The record does not reflect that the child was named as a party in the 2002 action, but the child was represented by a guardian ad litem. Upon DHR’s request, the family court entered an order requiring G.C., who apparently admitted that he was the child’s father, to submit to a paternity test.
At a hearing in January 2008, genetic-paternity-test results were submitted to the family court. The results reflected a 99.998% probability that G.C. is the biological father of the child. The mother, DHR, and the child’s guardian ad litem appeared at the January 2003 hearing, but G.C. did not appear at the hearing. The mother filed a motion for an entry of default and for a default judgment. The family court made an entry of default. The family court ordered the clerk to set the matter for “final default and/or trial” in February 2003. In February 2003, after neither G.C. nor the mother appeared at the scheduled final hearing, the family court entered an order that states, “[njeither party present case dismissed.”
In December 2004, the mother again filed a “Complaint for Paternity and Child Support” against G.C. in the Jefferson Family Court (“the 2004 action”). In April 2005, after a hearing on the merits of the mother’s petition, the family court entered an order adjudicating G.C. to be the father of the child, requiring him to pay the mother $409 per month as child support, *180 and requiring him to pay $1,920 as reimbursement to the State of Alabama. The April 2005 order states that the case was “submitted on the evidence presented, or the agreement reached by the parties,” but the record does not reflect what evidence the family court received. G.C. filed a notice of appeal to the Jefferson Circuit Court.
Contemporaneously with the filing of his notice of appeal to the circuit court, G.C. filed an “Addendum to Notice of Appeal,” “citing his grounds for de novo appeal and defenses to the [April 2005] order.” Specifically, G.C. argued that the pending paternity proceeding “was due to be dismissed under the doctrine of res judicata” because the involuntary dismissal of the 2002 action was an adjudication on the merits under Rule 41(b), Ala. R. Civ. P.
In January 2006, after receiving briefs from the parties in regard to the issue of res judicata, the circuit court entered an order stating that the dismissal of the 2002 action “can not be determined to be Res Judicata since no issues were adjudicated in that case. As the Court understands it, this ruling would effectively end the questions pending before the Court and the Court elects not to address those other issues raised by either party.”
G.C. filed a “Motion to Alter, Amend or Vacate Order,” requesting that the circuit court vacate its January 2006 order and that it enter an order finding that the pending paternity proceeding was barred by the doctrine of res judicata. Thereafter, the circuit court entered an order denying G.C.’s motion. G.C. appeals.
We do not address the merits of G.C.’s appeal because it must be dismissed as being from a nonfinal judgment.
Although neither party has questioned this court’s jurisdiction, we must consider whether we have jurisdiction over this appeal, because “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). The question whether a judgment is final is a jurisdictional question. The reviewing court, on a determination that the judgment is not final, has a duty to dismiss the appeal; if the appellee has not moved for a dismissal, then the court should dismiss the appeal on its own motion. See Jim Walter Homes, Inc. v. Holman, 373 So.2d 869, 871 (Ala.Civ.App.1979).
G.C.’s appeal from the 2004 action to the circuit court was for a trial de novo. See Ala.Code 1975, § 26-17-20(a). It is well settled that “[a] trial de novo, within the common acceptation of that term, means that the case shall be tried in the Circuit Court as if it had not been tried before.” Ball v. Jones, 272 Ala. 305, 309, 132 So.2d 120, 122 (1961). The circuit court’s January 2006 only purports to deny G.C.’s affirmative defense in the pending paternity proceeding. The order does not purport to adjudicate the issues in the pending paternity case, particularly whether G.C. is the child’s father.
Section 26-17-20(a), Ala.Code 1975, provides that a party may appeal “to the Court of Civil Appeals ... upon the entry of a final judgment in the circuit court on the trial de novo.” See also Ala.Code 1975, § 12-22-2. A “final judgment is a ‘terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.’” Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App.1990) (quoting Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App.1986)).
*181 Because the circuit court’s January 2006 order did not adjudicate the issue whether G.C. is the child’s father, the order appealed from is not final. Accordingly, we must dismiss the appeal.
APPEAL DISMISSED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.

. The record in this case is somewhat confusing, and it is unclear whether the various proceedings referenced in this opinion were filed by the mother or by the State of Alabama on behalf of the mother.