In July 2005, Brenda L. Walker ("the wife") filed a complaint seeking a divorce from her husband, Cecil W. Walker ("the husband"). In her complaint, the wife sought an award of custody of the parties' four minor children, an award of child support, an equitable property division, and an award of alimony.
The record indicates that the husband has been paralyzed since 2003 as a result of a sudden and severe illness. The husband's mother, Emma Walker, was appointed as the husband's legal guardian and held his power of attorney. At the time of the filing of the divorce action, the husband was physically and mentally incapable of responding to the complaint. The husband's mother, on behalf of the husband, answered the complaint and asserted a counterclaim alleging, in pertinent part, that the wife had squandered marital assets during the husband's disability; that the wife had sold or disposed of assets, including personal property, in violation of an order entered by a probate court; and that the wife had interfered with the husband's visitation with the parties' children.
On February 27, 2007, the wife and the husband's mother appeared before the trial court and represented that they had reached an agreement with regard to the issues pending in the divorce action. The transcript of the February 27, 2007, hearing indicates that the parties agreed that the wife would receive custody of the parties' minor children, that the amounts the children received as payments from the Social Security Administration as a result of the husband's disability would constitute sufficient child support, and that there was "no issue" with regard to alimony. The wife was to have possession of the marital home and make the payments on the mortgage indebtedness on the home. The proceeds *Page 929 
of any sale of the home were to be divided equally between the parties.[1] The disposition of a life-insurance policy on the husband and the wife was also addressed in the parties' agreement. The trial court asked the wife and the husband's mother if each of them had heard the terms of the agreement and whether it was in fact the agreement they had reached. The wife and the husband's mother each answered those inquiries in the affirmative. The trial court incorporated most of the terms of the agreement in its June 15, 2007, divorce judgment.[2] The husband, through his mother as his guardian, appealed.
We note that the husband's mother, on behalf of the husband, did not file a motion seeking to alter or set aside the June 15, 2007, divorce judgment that incorporated the agreement reached by the parties. Accordingly, no evidence was submitted to the trial court and no evidentiary hearing was conducted in this matter.
The husband's mother alleges that certain issues remain unresolved by the divorce judgment.[3] We note that the failure to resolve all issues pending between the parties would render the judgment nonfinal and that no appeal can be taken from a nonfinal judgment. See G.C. v. J.G.,961 So.2d 178 (Ala.Civ.App. 2007) (dismissing an appeal as taken from a nonfinal judgment when the order did not resolve all the pending issues). As discussed below, however, we conclude that the divorce judgment did resolve the issues pending between the parties and, therefore, that the divorce judgment was a final judgment capable of supporting this appeal.
The wife and the husband's mother appeared before the trial court and represented that they had reached an agreement with regard to the issues pending between the parties. During the hearing in which the parties' agreement was formally read into the record, the parties indicated that the wife was waiving certain claims she had asserted, such as her claims for alimony and pendente lite support. The husband's claims regarding visitation and the return of certain items of personal property were addressed in the settlement agreement. However, the husband's mother did not mention the husband's claim that the wife had "squandered" certain marital assets.
The trial court questioned the wife and the husband's mother regarding whether they had agreed to the terms recited, and each replied that she had. The husband's mother contends on appeal that certain of the husband's claims were unresolved. However, through his mother, the husband had the opportunity to address those purportedly unresolved claims in the settlement agreement and before the trial court. The record supports the conclusion that the claims the parties failed to address in their settlement agreement were claims that the parties elected not to prosecute in order to reach that agreement. Nothing in the record indicates that the parties intended that *Page 930 
the agreement reached during the February 27, 2007, hearing be anything other than a complete resolution of all the parties' claims. Further, the record contains no indication that the husband's mother attempted to apprise the trial court that the settlement agreement did not encompass the parties' entire agreement.
Furthermore, the parties retain their respective interests in any assets not mentioned in the divorce judgment. Radiolav. Radiola, 380 So.2d 817, 819 (Ala. 1980) ("[E]ach of the parties entered the negotiations, which culminated in the final agreement, owning a one-half undivided interest in the property. When the executed agreement made no mention thereof, the legal title therein remained unchanged."). We conclude that the parties agreed to waive any claims they did not address in reaching the settlement agreement and that those claims were implicitly denied when the agreement was incorporated into the divorce judgment. Petrey v. Petrey, 989 So.2d 1128,1132 (Ala.Civ.App. 2008) (citing M.C. Dixon Family P'ship,LLLP v. Envision Props., LLC, 911 So.2d 711, 715
(Ala.Civ.App. 2005)). Accordingly, we hold that the divorce judgment disposed of all the claims asserted by the parties and that it constitutes a final judgment.
The husband's mother also purports to challenge that part of the divorce judgment pertaining to the parties' life-insurance policy, arguing that the policy should be maintained by a "more responsible party" than the wife. However, the husband, through his mother, agreed to the trial court's disposition of that asset. Further, the record contains no evidence to support the allegations made in the appellate brief filed on the husband's behalf; therefore, we must conclude that the husband's mother has failed to demonstrate error with regard to this argument.Alfa Mut. Gen. Ins. Co. v. Oglesby, 711 So.2d 938
(Ala. 1997), overruled on other grounds, Ex parte QualityCos. Ins. Co., 962 So.2d 242 (Ala. 2006) (it is the duty of the appellant to ensure that the record on appeal contains sufficient evidence to warrant a reversal).
The husband's mother also argues that she sought the return of certain amounts she alleges the wife improperly removed from the husband's 401(k) retirement account and that those funds should have been returned to him. The husband's mother did not seek that relief in the counterclaim. In the counterclaim, the husband's mother alleged only that the wife had "squandered over $21,000" and that she had "sold and/or disposed of marital assets." The husband's mother never mentioned, either in the counterclaim or during the settlement hearing, the existence of a 401 (k) account. The first and only place such an account is mentioned in the record on appeal is in the statement of issues on the notice of appeal. The husband's mother may not raise an issue for the first time on appeal. Porter v. Colonial Life Accident Ins. Co., 828 So.2d 907, 908 (Ala. 2002).
The husband's mother also contends that the divorce judgment fails to address the disposition of the husband's personal property. The divorce judgment incorporates the agreement the parties reached regarding certain items of personal property. The record does not contain any reference to any items of property other than those disposed of in the divorce judgment. Further, the husband's mother contends on appeal that the wife violated a probate court order by allegedly failing to return certain items of personal property and by allegedly misappropriating certain unidentified marital funds. The husband's mother did not assert this argument before the trial court, and she failed to present evidence in support of the allegations *Page 931 
on these issues. Further, even if the husband's mother had presented the issue to the trial court, the trial court could not take action because any purported violation of a probate court's order must be addressed by the probate court.
We conclude that the husband's mother, on behalf of the husband, has failed to demonstrate error on appeal.
AFFIRMED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
[1] The transcript indicates that, under the facts of this case, because the husband's mother manages his assets and because the marital home is held jointly by the husband and the wife, the wife would have to petition the probate court in order to receive approval for any attempt to sell the marital home.
[2] The divorce judgment did not set forth the specifics of the parties' agreement with regard to an item of personal property.
[3] It is questionable whether the appellate brief submitted on behalf of the husband complies with the requirements of Rule 28(a)(10), Ala. R.App. P. The brief cites to only two cases, each for a general proposition of law. Out of an abundance of caution, we have assumed that the brief filed on behalf of the husband does comply with Rule 28(a)(10).