674 S.E.2d 172

**David J. WIDENER, Appellant,**

**v.**

**FORT MILL FORD, and WFS Financial, Defendants,**

**of whom: Fort Mill Ford is Respondent.**

**No. 4490.**

Court of Appeals of South Carolina.

Heard Dec. 3, 2008.

Decided Jan. 27, 2009.

Mitchell K. Byrd, Sr., of Hilton Head Island, for Appellant.

Ronald J. Tryon and J. Drayton Hastie, III, both of Columbia, for Respondent.

GOOLSBY, A.J.:

David J. Widener brought this action against Fort Mill Ford and WFS Financial (WFS) alleging violations of the South Carolina Regulation of Manufacturers, Distributors, and Dealers Act, sections 56–15–10 to –600 of the South Carolina Code (Supp.2007) (the Dealers Act), and the Unfair Trade Practices Act, sections 39–5–10 to –560 of the South Carolina Code (Supp.2007). In response, Fort Mill Ford moved to dismiss or stay the proceedings and to compel arbitration. After a hearing, the trial court dismissed the action, holding "[t]he arbitration agreement is enforceable by [Fort Mill Ford and WFS] pursuant to the Federal Arbitration Act as to the claims asserted by [Widener] in this litigation." Widener appeals. We reverse and remand.

## I. APPEALABILITY

■ Widener argues the trial court's order dismissing his action is immediately appealable. Fort Mill Ford contends the trial court's order is not appealable, citing section 15–48–200 of the South Carolina Code (Supp.2007) and *Carolina*

*Care Plan, Inc. v. United HealthCare Services, Inc.,* 361 S.C. 544, 558, 606 S.E.2d 752, 759 (2004).

South Carolina courts have not specifically addressed the issue of whether an order dismissing an action without prejudice and allowing the parties to pursue arbitration is immediately appealable. The United States Supreme Court addressed a similar issue in *Green Tree Financial Corp.-Alabama v. Randolph,* 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). The court held an order dismissing an action with prejudice and directing that the dispute be resolved by arbitration is final and immediately appealable. *Id.* at 86–87. The court added, "Had the District Court entered a stay instead of a dismissal in this case, that order would not be appealable." *Id.* at 87 n. 2. Further, both the Second Circuit and the Ninth Circuit have held that orders dismissing actions without prejudice and compelling arbitration are immediately appealable. *See Salim Oleochemicals v. M/V Shropshire,* 278 F.3d 90, 93 (2d Cir.2002); *Interactive Flight Techs., Inc. v. Swissair Swiss Air Transport Co., Ltd.,* 249 F.3d 1177, 1179 (9th Cir.2001).

We therefore hold the trial court's order is immediately appealable.

Fort Mill Ford's reliance on section 15–48–200 is misplaced. Although section 15–48–200 does not include an order dismissing an action among a list of orders from which an appeal may be taken in arbitration cases, this section does not preclude the order in this case from being immediately appealable. By dismissing Widener's action, the court finally determined the rights of the parties; therefore, we have jurisdiction pursuant to section 14–3–330 of the South Carolina Code (Supp.2007).

Further, this case is distinguishable from *Carolina Care Plan.* In *Carolina Care Plan,* our supreme court held an order compelling arbitration and staying the remaining claims is not immediately appealable. 361 S.C. at 558, 606 S.E.2d at 759. Here, however, the trial court's order did not stay the action pending arbitration. Instead, trial court *dismissed* the action, stating, "It is further ordered that this action be dismissed without prejudice to the right of any party to seek such relief as may be available to enforce, modify, or vacate any arbitration decision as permitted by statute."

## II.  DISMISSAL

██  Widener argues the trial court erred in dismissing his action.  He asserts the dismissal prejudices him because any future action will be barred by the statute of limitations.  We agree.

Although South Carolina courts have not addressed this issue, the Alabama Supreme Court dealt with a similar situation in *Johnson v. Jefferson County Racing Ass'n*, 1 So.3d 960, 969–70 (Ala.2008).  The *Johnson* court pointed to the following discussion, which appears in *Porter v. Colonial Life & Accident Insurance Co.*, 828 So.2d 907, 908 (Ala.2002):

> "We note a potential for injustice.  If a plaintiff's court action be dismissed to enforce an arbitration agreement, but, through no fault of the plaintiff's, the arbitration be not concluded or some of the plaintiff's claims be not arbitrated, a statute of limitations could bar a refiling of the unarbitrated claims in court.  Sometimes, for instance, an arbitrator's first duty under an arbitration agreement is to determine the arbitrability of a plaintiff's claims.  In such a case, the arbitrator could rule that some or all of the plaintiff's claims should be litigated and not arbitrated.  Moreover, a stay, as distinguished from a dismissal, would likely better conserve the time and resources of the parties and the trial court even in the event of a successful arbitration, inasmuch as the winner commonly wants the arbitration award reduced to a judgment."

Here, as in *Johnson*, there is a potential the statute of limitations could bar refiling of any unarbitrated claims in court.  *See* S.C.Code Ann. §§ 39–5–150 & 56–15–120 (Supp. 2007).

Accordingly, we reverse the decision of the trial court and remand this case for the trial court to vacate its dismissal of Widener's claims and to enter an order staying his action pending the outcome of the arbitration proceedings.

## III.  ARBITRATION

Widener argues the trial court erred in concluding his causes of action are subject to arbitration.  We do not reach

this issue because we are reversing and remanding this case for the trial court to stay this action pending arbitration.

**REVERSED AND REMANDED.**

SHORT and KONDUROS, JJ., concur.