# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Betty Fisher, on behalf of the estate of Alice Shaw-Baker, Petitioner,

v.

Bessie Huckabee, Kay Passailaigue Slade, Sandra Byrd, and Peter Kouten, Respondents.

Appellate Case No. 2016-000320

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Charleston County
J. C. Nicholson Jr., Circuit Court Judge

---

Opinion No. 27765
Heard October 19, 2017 – Filed February 28, 2018

---

## AFFIRMED AS MODIFIED

---

John Hughes Cooper, of the John Hughes Cooper, P.C., of Mount Pleasant, Lisa Fisher, of the Law Offices of Lisa Fisher, of Long Beach, California, *pro hac vice*, both for Petitioner.

Evan Smith, of the Evan Smith Law Firm, LLC, of Charleston, and Warren W. Wills III, of the Law Office of W. Westbrook Wills III, of Folly Beach, both for Respondents.

---

**JUSTICE FEW**: The question we address in this appeal is who may bring a civil action on behalf of the estate of a deceased person when the personal representative

of the estate is also a potential defendant in the action.  The answer is found in section 62-3-614 of our Probate Code, which provides, "A special administrator may be appointed . . . in circumstances where a general personal representative cannot or should not act."

## I.        Facts and Procedural History

Alice Shaw-Baker lived in Charleston and had no immediate family.  She allegedly reached an agreement with Bessie Huckabee, Kay Passailaigue Slade, and Sandra Byrd that if they would care for her in her final years, she would leave them the assets of her estate.  In her last will—executed in 2001—she left her entire estate to Huckabee, Slade, and Byrd, and named Huckabee the personal representative. Shaw-Baker died in February 2009 at the age of seventy-nine.

Betty Fisher is Shaw-Baker's niece and closest living relative.  Shortly after Shaw-Baker's death, Fisher filed an action in probate court challenging the 2001 will and the appointment of Huckabee as personal representative.  Fisher removed the probate action to circuit court.  On May 14, 2009, Fisher filed what she called a "Motion for Temporary Injunction" in the probate action in which she requested to remove Huckabee as the personal representative.  Fisher specifically alleged in the motion "Shaw-Baker's estate has a survival action against Huckabee" as one of the reasons Huckabee should be removed.  As an alternative to the removal of Huckabee, Fisher requested that attorney Frank Barnwell be appointed special administrator pursuant to section 62-3-614 of the South Carolina Code (Supp. 2017).  Fisher made no suggestion, however, that the special administrator might bring a survival action.

On February 24, 2012, purporting to act as Shaw-Baker's "real representative," Fisher brought this action in circuit court against Huckabee, Slade, and Byrd, and against Peter Kouten—a lawyer who represented the first three.  Her primary allegation in this action is that Huckabee, Slade, and Byrd breached their duty to take suitable care of Shaw-Baker, causing Shaw-Baker to incur damages during her lifetime.  Fisher brought the action under the survival statute—section 15-5-90 of the South Carolina Code (2005).

The defendants moved for summary judgment under Rule 56 of the South Carolina Rules of Civil Procedure, claiming Fisher did not have standing to bring the survival action.  The record indicates the Motion for Temporary Injunction Fisher filed almost three years earlier was still pending in the probate action at the time the summary judgment motion was filed.  However, Fisher never asked the circuit court—in the probate action or the survival action—to appoint a special

administrator for the purpose of bringing the survival action. The circuit court dismissed the action. The court of appeals affirmed. *Fisher v. Huckabee*, 415 S.C. 171, 781 S.E.2d 156 (Ct. App. 2015). We granted Fisher's petition for a writ of certiorari to review the dismissal of the action.

## II.    Analysis

The question of who may bring a civil action arises under Rule 17(a) of the South Carolina Rules of Civil Procedure, which provides, "Every action shall be prosecuted in the name of the real party in interest." As the court of appeals has recognized, the real party in interest is "'the party who, by the substantive law, has the right sought to be enforced.' It is ownership of the right sought to be enforced which qualifies one as a real party in interest." *Bank of Am., N.A. v. Draper*, 405 S.C. 214, 220, 746 S.E.2d 478, 481 (Ct. App. 2013). The substantive law governing the estates of deceased persons is the South Carolina Probate Code. *See generally* S.C. Code Ann. § 62-1-100(b)(1) (Supp. 2017) (providing "the [Probate] Code applies to any estates of decedents"); § 62-1-301 (Supp. 2017) (providing "this Code applies to (1) the affairs and estates of decedents . . . [and] (4) survivorship").

Under ordinary circumstances, the Probate Code grants the personal representative the exclusive authority to bring civil actions—including a survival action—on behalf of an estate. *See* § 62-3-715(20) (Supp. 2017) (stating a personal representative may "prosecute or defend claims . . . for the protection of the estate"); § 62-3-703(c) (Supp. 2017) (providing "a personal representative . . . has the same standing to sue and be sued . . . as his decedent had immediately prior to death"); § 62-3-715(24) (Supp. 2017) (stating a personal representative may "compromise and settle . . . all claims and actions based on causes of actions surviving, to personal representatives"); *see also Carson v. CSX Transp., Inc.*, 400 S.C. 221, 242, 734 S.E.2d 148, 159 (2012) (explaining "a survival claim may only be filed by the personal representative of the decedent's estate").

However, the Probate Code contemplates there will be "circumstances where a general personal representative cannot or should not act," in which case the Probate Code provides, "A special administrator may be appointed . . . ." § 62-3-614. The Reporter's Comment to section 62-3-614 explains, "Appointment of a special administrator would enable the estate to participate in a transaction which the general personal representative could not, or should not, handle because of conflict of interest."

The defendants' motion for summary judgment sought dismissal of the survival action on the premise Fisher did not meet the real party in interest requirement of Rule 17(a). The premise of the motion was correct because Fisher was neither the personal representative nor a special administrator. However, Rule 17(a) provides:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after objection, for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

As the Reporter's Note to the rule states, this sentence "is intended to prevent forfeiture in those cases in which the determination of the proper party to sue is difficult or when there has been an honest mistake." *See also* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1541 (3d ed. 2010) (this sentence of Rule 17(a) was added "to provide that the failure to join the real party in interest at the commencement of the action does not require dismissal").

Therefore, Rule 17(a) provided Fisher an opportunity to cure her failure to meet the real party in interest requirement. If she had asked, the circuit court would have been required to allow time for "ratification, joinder, or substitution" of the proper party under Rule 17(a) instead of immediately dismissing the action. However, Fisher did not ask for such time, and specifically, she never asked the circuit court to consider whether a special administrator should be appointed under section 62-3-614, nor did she mention her pending motion in the probate action to appoint one. Under this circumstance, Rule 17(a) permitted the dismissal of the action. *Cf. Patton v. Miller*, 420 S.C. 471, 488-89, 804 S.E.2d 252, 261 (2017) (holding "the circuit court . . . erred by dismissing Patton's claims . . . [because] she did specifically ask to take advantage of . . . 'ratification, joinder, [or] substitution'").

This case was litigated in confusion from the beginning. Fisher filed her complaint in what she claimed was her capacity "as Real Representative for Alice Shaw-Baker." The term "real representative" is found in the survival statute, which provides, "Causes of action for and in respect to any and all injuries and trespasses to and upon real estate and any and all injuries to the person or to personal property shall survive both to and against the personal or real representative, as the case may

be, of a deceased person . . . ."  § 15-5-90.  The circuit court, and later the court of appeals, analyzed the issue as whether Fisher qualified as Shaw-Baker's real representative.  Neither court considered Rule 17(a).  Although the result the courts reached was not erroneous, the analysis was misplaced.

The confusion and misplaced analysis arose from the fact that our statutes contain terms that no longer have the same significance under modern law they had when they were originally used.  For example, section 15-51-20 of the Wrongful Death Act provides, "Every [wrongful death] action shall be brought by or in the name of the executor or administrator of such person."  S.C. Code Ann. § 15-51-20 (2005).  Prior to the enactment of our Probate Code, the terms "executor" and "administrator" had specific meaning, and an "action for wrongful death . . . [could] be brought only by the executor or administrator of such deceased person." *Glenn v. E. I. DuPont De Nemours & Co.*, 254 S.C. 128, 133, 174 S.E.2d 155, 157 (1970).  Under the Probate Code, however, the terms "executor" and "administrator" do not have separate meaning, but are included within the defined term "personal representative."  *See* S.C. Code Ann. § 62-1-201(33) (Supp. 2017) (defining "Personal representative" as "includes executor, administrator, . . .").  Therefore, wrongful death actions must be brought by the personal representative, despite the language "shall be brought by . . . the executor or administrator" that still appears in section 15-51-20.  *Cf. Rutland v. S.C. Dep't of Transp.*, 390 S.C. 78, 81, 700 S.E.2d 451, 453 (Ct. App. 2010) (explaining the personal representative brought the wrongful death action), *aff'd as modified*, 400 S.C. 209, 734 S.E.2d 142 (2012).

Similarly, the term "real representative"—whatever the term meant when the survival statute was enacted in 1892[1]—is no longer a meaningful term.  Rather, the substantive right to bring a survival action—like a wrongful death action—is determined by the Probate Code.  As the court of appeals recognized, "The real representative . . . is mentioned nowhere in the modern Probate Code."  415 S.C. at 179, 781 S.E.2d at 160.  Under the Probate Code, the right to bring a survival action belongs initially to the personal representative.  *Carson*, 400 S.C. at 242, 734 S.E.2d at 159.  However, "in circumstances where a general personal representative cannot or should not act," the right to bring a survival action belongs to a special administrator.  § 62-3-614.

The dissent makes a tempting argument that we should reverse the circuit court and remand, so Fisher may now seek appointment as a special administrator for the

---

[1] *See* Act No. 15, 1892 S.C. Acts 18.

purpose of bringing this action. Interestingly, Fisher does not make this argument. The argument, however, raises the valid question of who bears the responsibility of determining the identity of the real party in interest. To some extent, all participants in the litigation—including the trial court—share this responsibility. Here, the circuit court engaged Fisher in a discussion over who has the authority to bring the action, and suggested that Fisher turn to the probate court for guidance. Fisher declined. Ultimately, the circuit court is not responsible for doing the plaintiff's work, and the burden of compliance with Rule 17(a) and its real party in interest requirement falls to the plaintiff.

When the defendants' motion challenged whether Fisher complied with this requirement, she responded by continuing to maintain her legally flawed position. In other words, Fisher insisted that the validity of her claimed status be litigated, and she never contemplated changing her status to comply with Rule 17(a). Fisher chose the question for the court, and eventually, the court must rule on the question put before it. Fisher put to the circuit court, the court of appeals, and now this Court, the question of whether there is even such thing as a "real representative" under modern law. The Probate Code provides the answer to her question—"No."

In *Patton*, by contrast, the plaintiff responded to the defendants' motion by "specifically ask[ing]" to change her status through "'ratification, joinder, [and] substitution'" so she could address the defendants' claim she was not the real party in interest. 420 S.C. at 489, 804 S.E.2d at 261 (quoting Rule 17(a)). When the circuit court in that case refused to permit her to do so, the court committed legal error. 420 S.C. at 488, 804 S.E.2d at 261. Thus, the distinction between *Patton* and this case is that the plaintiff in *Patton* placed before the circuit court the Rule 17(a) question of whether she should be permitted to ratify, join, or substitute, while Fisher held firmly to her flawed position that she was right in the first place.

### III. Conclusion

The Probate Code defines who may act on behalf of the estate of a deceased person. The Probate Code, therefore, is the substantive law by which the identity of the "real party in interest" is determined for all civil actions brought on behalf of the estate of a deceased person. When the personal representative of the estate cannot or should not bring the lawsuit, a "special administrator" should be appointed pursuant to section 62-3-614. After the defendants challenged Fisher's status as the real party in interest, she did not ask for "a reasonable time . . . for ratification . . . or joinder or substitution." In that circumstance, Rule 17(a) provides for dismissal, and the circuit court did not err.

We **VACATE** that portion of the court of appeals' opinion discussing "real representative," and **AFFIRM** the court of appeals **AS MODIFIED**.

**KITTREDGE and JAMES, JJ., concur.  HEARN, J., dissenting in a separate opinion in which BEATTY, C.J., concurs.**

**JUSTICE HEARN:** Respectfully, I dissent as I believe the proper approach is to reverse and remand to the circuit court for consideration of whether a special administrator should be appointed to bring this action. While I agree with the majority's legal analysis of the terms "real representative" and "special administrator," and that Petitioner should have filed a motion to have a special administrator appointed, I part company with the majority's ultimate conclusion that dismissal is warranted because Petitioner failed to specifically request this relief.

The majority rightfully highlights the confusion that has plagued this case from the beginning. The particular posture of the parties and the fact that the term "real representative" still exists throughout our statutory framework contributed to the confusion and may explain, at least in part, why Petitioner failed to bring this action in the name of the real party in interest. However, holding this misapprehension fatal to Petitioner's case is a harsh result that is not required by our rules.   Instead, I would hold that Rule 17(a), SCRCP, specifically allows the proper party to assume prosecution of this case. Rule 17(a), SCRCP ("No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed…."); *Patton v. Miller*, 420 S.C. 471, 487, 804 S.E.2d 252, 260 (2017) ("Under the Rules of Civil Procedure, however, it is improper to immediately dismiss a lawsuit simply because it was not brought in the name of the real party in interest."). Moreover, remanding this case to permit Petitioner to seek an appointment of a special administrator is in keeping with our general rules of construction. *See Russell v. City of Columbia*, 305 S.C. 86, 89, 406 S.E.2d 338, 339 (1991) ("Our courts have held that pleadings in a case should be construed liberally so that substantial justice is done between the parties."). Although Petitioner did not specifically ask the circuit court to appoint a special administrator, the continued use of the term "real representative" in the survival statute appears to make this request unnecessary. Only today, with this opinion, does this Court clarify that the term "real representative" is no longer legally viable in actions like this.

Furthermore, there can be no question that Petitioner was seeking to pursue a survival action, thus warranting the appointment of a special administrator because the real party in interest—the personal representative—was the defendant. *Patton*, 420 S.C. at 489, 804 S.E.2d at 261 ("[T]he Rules were never intended to trap a party simply for not using the proper words or rule number to describe the applicable legal principal."). Because a remand has no effect on the merits of the underlying claim, any prejudice to the defendants would be minimal. *Id.* at 492, 804 S.E.2d at 263 ("While permitting the amendment would cause the defendants to face the merits of the amended claim, the defendants' opportunity to defend the claim on the merits

was no different than it would have been if [Petitioner] had originally brought the claim in [the proper] capacity.").

I believe that the clear import of Rule 17(a), SCRCP, together with our jurisprudence favoring the resolution of suits on their merits, point to a different result than that reached by the majority. *Id.* at 488, 804 S.E.2d at 261 ("The purpose of [Rule 17(a), SCRCP] is to avoid precisely what occurred here—the unnecessary procedural dismissal of a lawsuit the court should resolve on the merits. As the Reporter's Note to the rule indicates, this sentence 'is intended to prevent forfeiture in those cases in which the determination of the proper party to sue is difficult or where there has been an honest mistake.'"). To deny Petitioner the relief she seeks here, where there is no suggestion that her failure to use the correct nomenclature was anything other than an honest mistake, elevates form over substance and unnecessarily deprives her of her right to have this matter heard on its merits. Therefore, I would reverse and remand for the circuit court to consider whether a special administrator should be appointed.

**BEATTY, C.J., concurs.**