**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cleo Bertiaux as Guardian for Kathryn G. Parrish, Appellant,

v.

NHC Heathcare/Garden City, LLC, Respondent.

Appellate Case No. 2019-001185

———————

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-283
Submitted May 2, 2022 – Filed July 6, 2022

———————

**AFFIRMED**

———————

Robert Daniel Dodson, of Law Offices of Robert Dodson, PA, of Columbia, for Appellant.

Marian Williams Scalise and Lydia Lewis Magee, both of Myrtle Beach, and Carmen Vaughn Ganjehsani, of Columbia, all of Richardson Plowden & Robinson, PA, for Respondent.

———————

**PER CURIAM:** Cleo Bertiaux appeals an order dismissing her case against NHC Healthcare/Garden City, LLC (NHC) and compelling arbitration. We affirm.

First, we reject NHC's suggestion that we can avoid the merits because the circuit court's order is not immediately appealable. There is no doubt the circuit court dismissed the case. The box indicating the order ended the case was checked on the Form 4, and the formal order following after the Form 4 said it was granting the motion "to dismiss." Precedent recognizes an order compelling arbitration and dismissing the case is immediately appealable. *See Widener v. Fort Mill Ford*, 381 S.C. 522, 524, 674 S.E.2d 172, 173 (Ct. App. 2009) (holding as described).

Next, and on the merits, we respectfully reject Bertiaux's argument that the circuit court erred in compelling arbitration. The arbitration agreement named "National Healthcare Garden City, LLC" rather than "NHC Healthcare/Garden City, LLC." Still, all agree "National Healthcare Garden City, LLC" does not exist and is not a legal entity. We agree with the circuit court that Bertiaux could not have reasonably believed she was contracting with a nonexistent organization. *See Cobb & Seal Shoe Store v. Aetna Ins. Co.*, 78 S.C. 388, 390, 58 S.E. 1099, 1099 (1907) (rejecting an insurer's argument it could deny coverage on a policy issued in the name of "Cobb & Seals" when the insured was not incorporated under that name but under "Cobb & Seal Shoe Store" because "[a] contract is good between the parties, no matter how incorrect the names used in the paper may be, if it appears they were intended as the names of the parties to be bound by the contract or to receive the benefits"); *id.* (explaining the fact that "Cobb & Seals" was not a legal entity "tended strongly to show the failure to use the true corporate name in the policy was a mere inadvertence, and that 'Cobb & Seals,' in the contract, meant the corporation"); *cf. Weckesser v. Knight Enters. S.E., LLC*, 735 F. App'x 816, 819-22 (4th Cir. 2018) (declining to compel arbitration in a case between "Knight Enterprises, S.E., LLC" and its employee when the employee did not agree to arbitrate with Knight Enterprises but with its parent company, "Jeffry Knight, Inc.", because "Jeffry Knight, Inc." *was* an actual legal entity, which reasonably could have been the intended party in the arbitration agreement considering a parent company might well try to protect itself from liability by entering arbitration agreements with employees of its subsidiaries).

Bertiaux's remaining arguments also fail. First, Bertiaux argues that the circuit court should not have looked at the parties' intentions outside the written arbitration agreement because the agreement was unambiguous. *See Wallace v. Day*, 390 S.C. 69, 75, 700 S.E.2d 446, 449 (Ct. App. 2010) (explaining a court should not rely on outside evidence to discern the intent of contracting parties unless contract language is ambiguous). The written order does not indicate the circuit court considered anything outside the language of the agreement in determining Bertiaux and NHC's

intent. Bertiaux's own brief states, "[t]he record before the [circuit] court . . . is completely devoid of any evidence of the parties' intent beyond what is contained in the written arbitration agreement." We find the parties' intent was obvious from the agreement's language—the parties intended to enter an actual agreement, not a mirage of one. *See S. Atl. Fin. Servs., Inc. v. Middleton*, 349 S.C. 77, 80, 562 S.E.2d 482, 484 (Ct. App. 2002) (explaining the primary objective of contract construction is to give effect to the parties' intentions, which the court may derive from the contract language itself). Bertiaux alternatively argues that the circuit court should have resolved ambiguities in her favor if the agreement was ambiguous because NHC drafted the agreement. *See Myrtle Beach Lumber Co. v. Willoughby*, 276 S.C. 3, 8, 274 S.E.2d 423, 426 (1981) (instructing courts to resolve ambiguities in a contract against the drafting party). As to this argument, the agreement was unambiguous, and the only way to interpret it was as one between Bertiaux and the correctly named entity with whom she intended to contract. *See Middleton*, 349 S.C. at 81, 562 S.E.2d at 484 ("A contract is ambiguous when its terms are reasonably susceptible of more than one interpretation.").

Based on the foregoing, the circuit court order is

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.