**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Denise M. Petersen, individually and as Trustee of the Denise M. Petersen 2005 Recovable Trust Dated November 9, 2005, as Trustee of the 601 Ocean Boulevard Residence Trust Dated November 30, 2012, and as Trustee of the 601 Ocean Boulevard Residence Trust II Dated December 7, 2012, Plaintiffs,

v.

DCTCL, L.P. d/b/a Buffington Homes, L.P., Donnix Construction, LLC, Hunt Brothers Construction, Inc., Island Exteriors and Siding, Inc., Plastering Surfaces, LLC, A Unique Design, Inc., Berkeley Heating and Air Conditioning, Inc., Energyone America, LLC, Aqua Blue Pools of Charleston, Inc., Sunnyside Farms, Inc., TAMKO Building Products, LLC, Haddigan Electrical Contractors, LLC and John Doe Contractors 3 through 50, Defendants,

of which Donnix Construction is the Respondent and TAMKO Building Products, LLC is the Appellant.

Appellate Case No. 2022-000938

———————

Appeal From Charleston County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-324
Submitted September 1, 2024 – Filed October 2, 2024

———————

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Richard Hood Willis, John Gwilym Tamasitis, and Ruth Ann Levy, all of Williams Mullen, of Columbia, for Appellant.

Patrick J. McDonald, of Resnick & Louis, P.C., of Daniel Island, for Respondent.

**PER CURIAM:**  TAMKO Building Products, LCC (Tamko) appeals the circuit court's order denying its motion to dismiss and compel arbitration.  On appeal, Tamko argues the circuit court erred by finding it could not compel Donnix Construction, LLC (Donnix) to arbitrate its crossclaims against Tamko based upon the arbitration clause in Tamko's express limited warranty because Donnix did not sign a contract containing the arbitration clause.  We affirm in part, reverse in part, and remand.

We hold the circuit court erred in refusing to compel arbitration; thus, we reverse and remand.  Donnix filed a crossclaim against Tamko for breach of implied and express warranty.  Tamko's express limited warranty also included an arbitration clause.  *See Pearson v. Hilton Head Hosp.*, 400 S.C. 281, 286, 733 S.E.2d 597, 599 (Ct. App. 2012) ("Determinations of arbitrability are subject to de novo review, but if any evidence reasonably supports the circuit court's factual findings, this court will not overrule those findings."); *Wilson v. Willis*, 426 S.C. 326, 338, 827 S.E.2d 167, 174 (2019) ("South Carolina has recognized several theories that could bind nonsignatories to arbitration agreements under general principles of contract and agency law, including . . . estoppel."); *Pearson*, 400 S.C. at 290, 733 S.E.2d at 601 ("[A] party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause *when he has consistently maintained that other provisions of the same contract should be enforced to benefit him*." (quoting *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 418 (4th Cir. 2000))); *id.* at 295, 733 S.E.2d at 604 ("[A] party may not 'rely on the contract when it works to its advantage, and repudiate it when it works to its disadvantage.'" (quoting *Jackson v. Iris.com*, 524 F. Supp. 2d 742, 749 (E.D. Va. 2007))).  Furthermore, we hold Donnix received a direct benefit from the contract containing the arbitration provision.  *See id.* at 295,

733 S.E.2d at 604 ("When 'a signatory seeks to enforce an arbitration agreement against a non[]signatory, the doctrine [of estoppel] estops the non[]signatory from claiming that he is not bound to the arbitration agreement when he receives a 'direct benefit' from a contract containing an arbitration clause.'" (quoting *Jackson*, 524 F. Supp. 2d at 749-50)).  Donnix directly benefitted from the express limited warranty because the contract created the right for Donnix to assert its claim for breach of warranty.  The benefit of the warranty "flow[ed] directly" from the express limited warranty containing the arbitration clause because the right to assert a breach of warranty was created by the express limited warranty.  *See Wilson*, 426 S.C. at 343, 827 S.E.2d at 176 ("When a claim depends on the contract's existence and cannot stand independently—that is, the alleged liability 'arises solely from the contract or must be determined by reference to it'—equity prevents a person from avoiding the arbitration clause that was part of that agreement." (quoting *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 637 (Tex. 2018))); *id.* at 343, 827 S.E.2d at 176 ("[W]hen the benefits to a nonsignatory are merely indirect, arbitration cannot be compelled. . . .  A benefit is direct if it flows directly from the agreement.").

We hold Donnix's remaining causes of action should also be addressed in arbitration because the claims "relat[e] to or aris[e] out of" the product.  *See Wilson*, 426 S.C. at 337, 827 S.E.2d at 173 ("[T]he presumption in favor of arbitration applies to the scope of an arbitration agreement . . . ." (quoting *Carr v. Main Carr Dev., LLC*, 337 S.W.3d 489, 496 (Tex. App. 2011))); *Landers v. Fed. Deposit Ins. Corp.*, 402 S.C. 100, 109, 739 S.E.2d 209, 213 (2013) ("A clause which provides for arbitration of all disputes 'arising out of or relating to' the contract is construed broadly.").  Therefore, we reverse the circuit court's denial of Tamko's motion to compel arbitration.

However, we hold the circuit court did not err in denying Tamko's motion to dismiss because the appropriate relief is to stay the case pending the outcome of arbitration; thus, we affirm the circuit court's denial of Tamko's motion to dismiss and remand to the circuit court to stay the action pending the outcome of arbitration.  *See Widener v. Fort Mill Ford*, 381 S.C. 522, 525, 674 S.E.2d 172, 174 (Ct. App. 2009) (finding the dismissal of claims pending arbitration "finally determined the rights of the parties" and remanding to allow the court "to vacate its dismissal . . . and to enter an order staying [the] action pending the outcome of the arbitration proceedings").

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[1]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.