**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Deonda Weldon, Individually and as Personal Representative of the Estate of Earline Cooley, Appellant,

v.

Dominion Clemson, LLC d/b/a Dominion Senior Living at Patrick Square; Dominion Senior Living, LLC; Dominion Clemson, II, LLC; Dominion Management Group, LLC; and Dominion Group, LLC; Respondents.

Appellate Case No. 2023-000033

———

Appeal From Pickens County
G. D. Morgan, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-157
Submitted November 1, 2024 – Filed May 7, 2025

———

**REVERSED AND REMANDED**

———

Matthew W. Christian, of Christian & Christian, LLC, of Greenville; and Jordan Christopher Calloway, of McGowan Hood Felder & Phillips, of Rock Hill, both for Appellant.

Russell Grainger Hines, of Clement Rivers, LLP, of Charleston; and Joshua Tate Thompson, of Boulier

Thompson & Barnes, LLC, of Spartanburg, both for Respondents.

—————————

**PER CURIAM:** Deonda Weldon, individually and as personal representative of the estate of Earline Cooley, appeals the circuit court's order compelling arbitration and dismissing her actions for survival and wrongful death, arguing the circuit court erred by (1) finding a binding arbitration agreement existed when Cooley's daughter had no authority to sign the admission agreement on Cooley's behalf; (2) failing to find the respondents waived their right to compel arbitration by engaging in the litigation process for eight months; (3) failing to find the contract was unconscionable; (4) finding the arbitration agreement prevents Cooley's beneficiaries from recovering under South Carolina's wrongful death statute; and (5) finding the non-signatory respondents could enforce the arbitration agreement. We reverse and remand this case for the circuit court to enter a stay of Weldon's actions pending the outcome of the arbitration proceedings.

**FACTS**

Cooley, Weldon's mother, was admitted as a resident at an assisted living facility, Dominion Clemson, LLC d/b/a Dominion Senior Living at Patrick Square (the Facility) in March 2019. Cooley subsequently passed away in May 2021. As a result, Weldon filed actions for survival and wrongful death against the Facility; Dominion Senior Living LLC; Dominion Clemson, II, LLC; Dominion Management Group, LLC; and Dominion Group, LLC (collectively, Respondents).

Respondents answered the complaints and asserted, among other defenses, that Weldon's claims were subject to binding arbitration according to the Facility's admission agreement. Respondents subsequently moved to compel arbitration based upon the admission agreement. Respondents contended the admission agreement was signed on Cooley's behalf under a durable power of attorney and healthcare power of attorney prior to her admission to the Facility. The circuit court granted Respondents' motion to compel arbitration and dismissed Weldon's actions. This appeal followed.

**ANALYSIS**

As a threshold matter, Respondents argue the circuit court's order is not appealable under section 15-48-200 of the South Carolina Code (2005). Weldon argues the

South Carolina Uniform Arbitration Act (the UAA)[1] does not apply to her claims and that the order is appealable pursuant to *Huskins v. Mungo Homes, LLC*[2] and *Widener v. Fort Mill Ford*[3] because the circuit court dismissed—rather than stayed—the survival and wrongful death actions.  In addition, Weldon contends this court should consider the merits of the issues on appeal as it did in *Huskins* because these issues are capable of repetition.

We hold the circuit court's order compelling arbitration is immediately appealable because instead of staying the case pending arbitration, the circuit court dismissed Weldon's actions.  *See Widener*, 381 S.C. at 524, 674 S.E.2d at 173-74 (holding the circuit court's order dismissing the appellant's action and compelling arbitration was immediately appealable).  Our appellate courts have applied the UAA when considering issues of appealability even when the Federal Arbitration Act (FAA) applies to the parties' agreement.  *See Toler's Cove Homeowners Ass'n, Inc. v. Trident Constr. Co.*, 355 S.C. 605, 611, 586 S.E.2d 581, 584-85 (2003) (holding that "because South Carolina's procedural rule on appealability of arbitration orders, rather than the FAA rule, [wa]s applicable, the court's order compelling arbitration [wa]s not immediately appealable"); *see also Carolina Care Plan, Inc. v. United HealthCare Servs., Inc.*, 361 S.C. 544, 558, 606 S.E.2d 752, 759 (2004) (applying section 15-48-200 of the UAA in concluding that the circuit court's order compelling arbitration and staying the case was not immediately appealable even though the FAA applied to the parties' arbitration agreement); § 15-48-200(a) ("An appeal may be taken from: (1) An order denying an application to compel arbitration . . . ; (2) An order granting an application to stay arbitration . . . ; (3) An order confirming or denying confirmation of an award; (4) An order modifying or correcting an award; (5) An order vacating an award without directing a rehearing; or (6) A judgment or decree entered pursuant to the provisions of th[e UAA]."); *cf. Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 181 (2019) (stating that under section 16(a)(3) of the FAA, 9 U.S.C. § 16(a)(3), "an order directing 'the parties to proceed

---

[1] S.C. Code Ann. §§ 15-48-10 to -240 (2005).

[2] 439 S.C. 356, 887 S.E.2d 534 (Ct. App. 2023) (holding an order granting a motion to compel arbitration was not ordinarily immediately appealable under the UAA but concluding such order was appealable when the order also dismissed the action), *rev'd on other grounds*, 444 S.C. 592, 910 S.E.2d 474 (2024).

[3] 381 S.C. 522, 674 S.E.2d 172 (Ct. App. 2009) (holding an order granting a motion to compel arbitration and dismissing the action was immediately appealable and reversing and remanding the case for the trial court to vacate its dismissal of the appellant's claims and enter an order staying the action pending the outcome of arbitration).

to arbitration, and dismiss[ing] all the claims before [the court], . . . is "final" within the meaning of § 16(a)(3), and therefore appealable'" (alterations in original) (quoting *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 89 (2000))). Because the circuit court dismissed rather than stayed Weldon's actions pending arbitration, we hold the order is immediately appealable and we reverse and remand to the circuit court to vacate its dismissal of Weldon's claims and to enter an order staying her actions pending the outcome of arbitration. *See Widener*, 381 S.C. at 524, S.E.2d at 173-74 (holding section 15-48-200 of the UAA did not preclude the order from being immediately appealable because the circuit court's order dismissing the action "finally determined the rights of the parties" and thus the appellate court had jurisdiction under section 14-3-330 of the South Carolina Code (2017)); *id.* at 525-26, 674 S.E.2d at 174 (reversing and remanding the case for the circuit court to vacate its dismissal and enter an order staying the action pending the outcome of arbitration).

We do not reach the merits of Weldon's issues on appeal because we find these issues are not capable of repetition and do not need to be addressed. *See Widener*, 381 S.C. at 525-26, 674 S.E.2d at 174 ("We do not reach [the appellant's issue on appeal] because we are reversing and remanding th[e] case for the [circuit] court to stay th[e] action pending arbitration."); *cf. Toler's Cove*, 355 S.C. at 611, 586 S.E.2d at 584-85 (finding an order compelling arbitration was not immediately appealable but reviewing the issues on the merits because they were "capable of repetition and need[ed] to be addressed"); *Huskins*, 439 S.C. at 365, 887 S.E.2d at 539 (considering the merits of the issues raised on appeal because they were capable of repetition). Precedent already exists regarding the legal issues Weldon raises on appeal. Specifically, our appellate courts have addressed (1) the issue of waiver of arbitration, (2) the issue of whether a person's agent under a power of attorney may bind the person to arbitration, (3) the enforceability of an arbitration agreement as to wrongful death beneficiaries, (4) the issue of unconscionability when the contract in which the arbitration agreement is embedded contains limitations on liability and the arbitration agreement itself bars punitive damages, and (5) the issue of whether non-signatories have a right to enforce arbitration. *See, e.g.*, *Johnson v. Heritage Healthcare of Estill, LLC*, 416 S.C. 508, 514-15, 788 S.E.2d 216, 219 (2016) (addressing the issue of whether the respondent waived its right to enforce an arbitration agreement); *Toler's Cove*, 355 S.C. at 612, 586 S.E.2d at 585 (considering whether the respondent waived its right to enforce an arbitration clause by engaging in litigation with the appellant, a third-party defendant); *Gen. Equip. & Supply Co. v. Keller Rigging & Constr., SC, Inc.*, 344 S.C. 553, 557, 544 S.E.2d 643, 645-46 (Ct. App. 2001) (finding no waiver when the parties were involved in litigation for less than eight months, litigation

consisted of routine administrative matters and limited discovery, no depositions had been taken, discovery did not involve extensive interrogatories, and the parties had availed themselves of the circuit court's assistance only twice for routine matters); *Stott v. White Oak Manor, Inc.*, 426 S.C. 568, 578, 828 S.E.2d 82, 88 (Ct. App. 2019) (finding the respondent did not have the authority to sign an arbitration agreement on the decedent's behalf under a durable health care power of attorney when the decedent was mentally competent to sign the arbitration agreement); *Arredondo v. SNH SE Ashley River Tenant, LLC*, 433 S.C. 69, 85, 856 S.E.2d 550, 559 (2021) (holding that under the facts of that case, neither a general durable power of attorney nor a health care power of attorney granted the decedent's representative the authority to execute the arbitration agreement); *Fisher ex rel. Est. of Shaw-Baker v. Huckabee*, 422 S.C. 234, 240, 811 S.E.2d 739, 742 (2018) ("[T]he substantive right to bring a survival action—like a wrongful death action— is determined by the Probate Code."); *id.* ("[W]rongful death actions must be brought by the personal representative . . . ."); *Dean v. Heritage Healthcare of Ridgeway, LLC*, 408 S.C. 371, 378 n.3, 759 S.E.2d 727, 731 n.3 (2014) (noting courts may not refuse to compel arbitration simply because a wrongful death claim is involved); *Carolina Care Plan, Inc.*, 361 S.C. at 557, 606 S.E.2d at 759 (holding the issue of whether the arbitration agreement's prohibition of an award of punitive damages violated public policy was not ripe because it was unclear whether the plaintiff would prevail on the merits in arbitration and it was unclear whether the arbitrator would find punitive damages were warranted); *Damico v. Lennar Carolinas, LLC*, 437 S.C. 596, 608-09, 879 S.E.2d 746, 753 (2022) ("Pursuant to the *Prima Paint*[4] doctrine, the FAA requires courts to separate the validity of an arbitration clause from the validity of the contract in which it is embedded."); *id.* at 609, 879 S.E.2d at 753 ("The validity of the arbitration clause is a matter for the courts, whereas the validity of the contract as a whole is a matter for the arbitrator."); *S.C. Pub. Serv. Auth. v. Great W. Coal (Ky.), Inc.*, 312 S.C. 559, 563, 437 S.E.2d 22, 24 (1993) (holding the trial court erred in ruling the appellant was not entitled to demand arbitration because he did not sign the contract in his individual capacity); *cf. Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 683 (2010) ("[P]arties may specify *with whom* they choose to arbitrate their disputes."); *id.* at 684 ("It falls to courts and arbitrators to give effect to these contractual limitations, and when doing so, courts and arbitrators must not lose sight of the purpose of the exercise: to give effect to the intent of the parties."). Because our appellate courts have already addressed these issues, unlike the issues in *Huskins* and *Toler's Cove*, these issues do not need to be addressed.

---

[4] *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 188 (1967).

**CONCLUSION**

For the foregoing reasons, we find the order compelling arbitration and dismissing Weldon's actions is immediately appealable.  We reverse and remand to the circuit court to stay the action pending the outcome of arbitration.  In light of this disposition, we do not address the merits of Weldon's issues on appeal.

**REVERSED AND REMANDED.**[5]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[5] We decide this case without oral argument pursuant to Rule 215, SCACR.