BILL HEFFNER and Cathy Heffner, Appellants v. DESTINY, INC., Finley-Revis Homes, Inc. and Green Tree Financial Corporation, Respondents.

(471 S.E. (2d) 135)

Supreme Court

---

June 28, 1995.

## ORDER

In this appeal, appellant challenges an order staying this action and compelling arbitration under the Federal Arbitration Act, 9 U.S.C.A. §§ 1-16 (West 1979 & Supp. 1995), and an order quashing service of an amended complaint. We dismiss the appeal without prejudice.

The policy of the United States and this State is to favor arbitration of disputes. *Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852, 79 L.E. (2d) 1 (1984); *Trident Technical College v. Lucas & Stubbs, Ltd.*, 286 S.C. 98, 333 S.E. (2d) 781 (1985), *cert. denied*, 474 U.S. 1060, 106 S.Ct. 803, 88 L.E. (2d) 779 (1986). Consistent with this policy, statutes at both the federal and state level have been enacted which restrict the right to appeal orders which favor arbitration over litigation. 9 U.S.C.A. § 16 (West Supp. 1995); S.C. Code Ann. § 15-48-200 (Supp. 1994).

 Section 15-48-200(a) provides as follows:

An appeal may be taken from: .

> (1) An order denying an application to compel arbitration made under § 15-48-20;
> (2) An order granting an application to stay arbitration made under § 15-48-20(b);
> (3)An order confirming or denying confirmation of an award;
> (4) An order modifying or correcting an award;
> (5) An order vacation an award without directing a rehearing; or
> (6) A judgment or decree entered pursuant to the provisions of this chapter.

By application of the rule of statutory construction "expressio

unius est exclusio alterius" (the mention of one is the exclusion of another), all other orders related to arbitration are not immediately appealable. *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Parker*, 282 S.C. 546, 320 S.E. (2d) 458 (Ct. App. 1984). Therefore, the order in this case, which stays this action and compels arbitration, is not immediately appealable under § 15-48-200.

Appellants' assertion that S.C. Code Ann. § 14-3-330 ■ (1976 & Supp. 1994) should be applied to determine the appealability of this order is without merit. To apply the general appealability provisions of § 14-3-330 would conflict with the more specific provisions of § 15-48-200 regarding the appealability of orders relation to arbitration. *National Advertising Co. v. Mount Pleasant Board of Adjustment*, 312 S.C. 397, 440 S.E. (2d) 875 (1994) (specific laws prevail over general laws).

Further, appellants' assertion that the order on appeal ■ is appealable as a final decision under 9 U.S.C.A. § 16(a)(3) is without merit. An order staying an action and compelling arbitration is not immediately appealable under the federal statute. *Humphrey v. Prudential Securities, Inc.*, 4 F. (3d) 313 (4th Cir. 1993.)

Finally, the order quashing service of the amended complaint is based on the fact that the judge had already issued the order staying the action pending arbitration. It would serve no useful purpose to determine if the complaint should be amended at this time since this matter must be arbitrated before any further litigation can take place.

Accordingly, this appeal is dismissed without prejudice.

IT IS SO ORDERED.