586 S.E.2d 581

**TOLER'S COVE HOMEOWNERS ASSOCIATION, INC., Plaintiff,**

v.

**TRIDENT CONSTRUCTION COMPANY, INC., Defendant.**

**and**

**Trident Construction Company, Inc., Respondent,**

v.

**Ball Corporation, Proper Seal, Inc., L.A. Metz, Inc., and Tynes Associates, Inc., Third Party Defendants,**

**of whom Ball Corporation, is Appellant.**

**No. 25713.**

Supreme Court of South Carolina.

Heard May 28, 2003.

Decided Sept. 8, 2003.

---

606

608

Morgan S. Templeton, of Elmore & Wall, P.A., of Charleston, for appellant.

Perrin Q. Dargan, III, and Paul E. Sperry, of Robertson & Hollingworth, of Charleston, for respondents.

Justice MOORE:

We certified this appeal from the Court of Appeals pursuant to Rule 204(b), SCACR. Ball Corporation (appellant) appeals the lower court's order granting Trident Construction Company, Inc.'s (respondent's) motion to compel arbitration. We affirm.

## FACTS

On January 30, 2001, Toler's Cove Homeowners Association (Toler's Cove) filed a complaint against respondent alleging construction defects resulting from work performed to a condominium complex in Mount Pleasant, South Carolina. Respondent filed an answer asserting its right to compel arbitration.

Following two inspections of the building to determine the precise nature of Toler's Cove's complaints and to identify the subcontractors responsible for the work, respondent learned Toler's Cove's allegations focused in part on work performed by appellant[1] pursuant to its subcontract with respondent to perform stucco repair and installation at the project.

Appellant's subcontract with respondent states on the first page: THIS AGREEMENT SUBJECT TO ARBITRATION UNDER 15–48–10 S.C. CODE OF LAWS. The subcontract also contains the following arbitration provision:

> SECTION 19. All claims, disputes and other matters in question between the Contractor and Subcontractor arising out of or relating to the Contract Documents or the breach thereof; shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.

On October 21, 2001, respondent submitted to the court a consent order to file a third-party complaint. On January 3, 2002, respondent filed the third-party complaint against appellant once learning the order had been filed. Respondent's third-party complaint stated: "[Appellant's] contract contains an arbitration provision that is enforceable under South Carolina law." On February 11, 2002, appellant filed its answer to the complaint. After procuring all other parties' consents to arbitration except appellant's, respondent moved to compel arbitration on February 21, 2002. Appellant responded to respondent's written discovery requests that were served four days after that motion. The lower court subsequently granted respondent's motion to compel arbitration.

## ISSUES

I. Whether the court's order compelling arbitration is immediately appealable?

II. Did the court err by granting the motion to compel arbitration?

III. Whether the arbitration clause is unconscionable?

---

1. Appellant is a defunct corporation that ceased doing business in 1994.

# I

# DISCUSSION

■ The parties' agreement, on its face, does not resolve the issue of whether the Federal Arbitration Act (FAA) or the South Carolina Uniform Arbitration Act applies to the arbitration agreement because it does not include a choice of law provision. The lower court, however, took judicial notice of the fact the agreement involves interstate commerce. This finding is the law of the case because neither party has taken issue with that finding. *See ML–Lee Acquisition Fund, L.P. v. Deloitte & Touche,* 327 S.C. 238, 489 S.E.2d 470 (1997) (unappealed ruling is law of the case). Therefore, the substantive law of the FAA applies to the parties' arbitration agreement. *See Osteen v. T.E. Cuttino Constr. Co.,* 315 S.C. 422, 434 S.E.2d 281 (1993) (where contract involves interstate commerce, state law regarding arbitration is supplanted by federal substantive law). However, we must still determine whether the FAA preempts our state procedural rule that an order compelling arbitration is not immediately appealable under *Heffner v. Destiny, Inc.,* 321 S.C. 536, 471 S.E.2d 135 (1995).

■ The court's order compelling arbitration is not immediately appealable under South Carolina law because *Heffner* held all orders relating to arbitration not mentioned in S.C.Code Ann. § 15–48–200(a) (Supp.2002)[2] are not immediately appealable.[3]

---

2. Section 15–48–200(a) states that an appeal may be taken from: (1) an order denying an application to compel arbitration; (2) an order granting an application to stay arbitration; (3) an order confirming or denying confirmation of an award; (4) an order modifying or correcting an award; (5) an order vacating an award without directing a rehearing; or (6) a judgment or decree entered pursuant to provisions of the Uniform Arbitration Act.

3. The *Heffner* court also found that an order staying an action and compelling arbitration is not immediately appealable under 9 U.S.C.A. § 16(a)(3) (1999) of the FAA. The United States Supreme Court's subsequent decision in *Green Tree Fin. Corp.-Alabama v. Randolph,* 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), overruled the *Heffner* decision to the extent it can be read to mean that a federal court's order compelling arbitration under the FAA is not immediately appealable. However, *Green Tree* does not affect our state's procedural rule that a

■ The federal policy favoring arbitration, as expressed in the FAA, is binding in state courts and supersedes inconsistent state law and statutes that invalidate arbitration agreements. *Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 590, 553 S.E.2d 110, 115; *Munoz v. Green Tree Financial Corp.*, 343 S.C. 531, 539, 542 S.E.2d 360, 363, n. 2. However, the FAA contains no express preemptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration. *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 477, 109 S.Ct. 1248, 1255, 103 L.Ed.2d 488 (1989). The question is whether the state law would undermine the goals and policies of the FAA. *Id.* at 477–478, 109 S.Ct. at 1255. There is no federal policy favoring arbitration under a certain set of procedural rules and the federal policy is simply to ensure the enforceability of private agreements to arbitrate. *Id. See also Zabinski, supra* (state procedural rules that do not undermine enforceability of otherwise valid contract to arbitrate may be deemed to have been incorporated into contract through choice of law provisions); *Wells v. Chevy Chase Bank, F.S.B.*, 363 Md. 232, 768 A.2d 620 (2001) (finding general state appeals statute that recognizes order compelling arbitration to be appealable not preempted by § 16(b)(2) of the FAA).

■ While the FAA will preempt any state law that completely invalidates the parties' agreement to arbitrate, *see Zabinski, supra*, in the instant case South Carolina law is not invalidating the arbitration agreement or undermining the goals and policies of the FAA. Instead, the arbitration agreement is being enforced by the court's order compelling arbitration which coincides with the FAA's policy in favor of arbitration of disputes. *See Zabinski, supra; Heffner, supra.*

■ Accordingly, because South Carolina's procedural rule on appealability of arbitration orders, rather than the FAA rule, is applicable, the court's order compelling arbitration is not immediately appealable. Regardless, because appellant's issues are capable of repetition and need to be addressed we proceed to a review of those issues.

---

South Carolina court's order compelling arbitration is not immediately appealable.

## II

## DISCUSSION

■ Appellant argues respondent waived its right to arbitrate by engaging in the litigation process.

■ It is generally held that the right to enforce an arbitration clause may be waived. *General Equip. & Supply Co., Inc. v. Keller Rigging & Constr., SC, Inc.*, 344 S.C. 553, 544 S.E.2d 643 (Ct.App.2001). *See also Evans v. Accent Manufactured Homes, Inc.*, 352 S.C. 544, 575 S.E.2d 74 (Ct.App.2003). In order to establish waiver, a party must show prejudice through an undue burden caused by delay in demanding arbitration. *General Equip., supra.* Mere inconvenience to an opposing party is not sufficient to establish prejudice. *Id.* There is no set rule as to what constitutes a waiver of the right to arbitrate; the question depends on the facts of each case. *Id.* Furthermore, it is the policy of this state to favor arbitration of disputes. *Id.*

In this case, the litigation process had lasted approximately thirteen months between the time the initial complaint was filed by Toler's Cove and the time respondent moved to compel arbitration. As between respondent and appellant, a third-party-defendant, the litigation process had lasted only approximately six weeks between the time respondent filed a complaint against appellant and the time respondent filed a motion to compel arbitration. This fact alone does not prejudice appellant due to a delay in demanding arbitration. *See General Equip., supra* (no waiver where party seeking arbitration had been involved in litigation for less than eight months). *Cf. Liberty Builders, Inc. v. Horton*, 336 S.C. 658, 521 S.E.2d 749 (Ct.App.1999) (waiver occurred where party seeking arbitration had been involved in litigation for two and one-half years).

Further, as in *General Equip.*, the discovery that occurred was very limited in nature and the parties had not availed themselves of the court's assistance other than respondent's request to file a third-party complaint. Respondent had not held any depositions or engaged in extensive discovery requests. Accordingly, respondent did not waive its right to enforce the arbitration clause.

## III

## DISCUSSION

Appellant argues the arbitration clause in the subcontract should be invalidated because the arbitration costs are unconscionable given appellant is a defunct corporation. Appellant asserts the arbitration filing fee of $8,500 and the case service fee of $2,500 are unconscionable. Appellant also believes the requirement under American Arbitration Association rules that a deposit be made in advance of arbitration to cover the arbitration expenses is unconscionable.

Appellant does not have to pay the $8,500 filing fee, instead, respondent, as the claimant, is responsible for that fee. Appellant would only have to pay the fee if appellant filed a counterclaim. Further, the $2,500 case service fee is split between the parties, which in this case is five parties. Appellant would be responsible only for $500 of the case service fee. Also, any advance deposit required to cover arbitration expenses would be shared among the parties. Therefore, the costs related to the arbitration do not make the arbitration clause unconscionable because they are not so oppressive that no reasonable person would make them and no fair and honest person would accept them. *See Fanning v. Fritz's Pontiac–Cadillac–Buick, Inc.*, 322 S.C. 399, 472 S.E.2d 242 (1996) (unconscionability is absence of meaningful choice on part of one party due to one-sided contract provisions together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them).

Further, as the party seeking to invalidate the arbitration agreement on the ground that arbitration would be prohibitively expensive, appellant has not met its burden of showing the likelihood of incurring such costs. *Green Tree*, 531 U.S. at 92, 121 S.Ct. at 522.

Accordingly, the lower court did not err by rejecting appellant's argument that the arbitration clause should be invalidated on the basis of unconscionability.

## CONCLUSION

We find the court's order compelling arbitration is not immediately appealable. However, addressing appellant's is-

sues on appeal, we find respondent did not waive its right to enforce the arbitration clause in the subcontract and that the clause is not unconscionable.

**AFFIRMED.**

TOAL, C.J., WALLER and BURNETT, JJ., concur.

PLEICONES, J., concurs in result only.