THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Lester Joe Puckett, Sr.,       
Respondent,
 
 
 

v.

 
 
 
William George, Jr., also known as G.G. George,       
Appellant.
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No.  2005-UP-073
Submitted January 1, 2005  Filed January 
 27, 2005

AFFIRMED

 
 
 
James Mixon Griffin, of Columbia, for Appellant.
Charles S. Bradford, of York, for Respondent.
 
 
 

PER CURIAM: This is an appeal from a grant 
 of summary judgment in a foreclosure action.  We affirm. 
FACTS
In 1999, William George contracted 
 with Larry Puckett to purchase Joes Mini-Mall.  Both the title to the real 
 estate and the closing statement identify the sales price as $1,100,000.  George 
 made a down payment of $100,000 and signed a promissory note for $1,000,000.  
 At the real estate closing, George also executed a separate $150,000 mortgage 
 note. [1]   In October 2000, Puckett filed an action against George Properties, 
 LLC, for the foreclosure of Joes Mini-Mall.  On June 13, 2001, the court awarded 
 Puckett a judgment of $1,064,044.45 and ordered the property be sold at a public 
 auction.  Puckett purchased the property at the sale for $2,500.  George Properties, 
 LLC, did not appeal the decree of foreclosure and sale in the action concerning 
 Joes Mini Mall.    
Seven months prior to 
 the filing of that case, Puckett filed an action against George seeking to collect 
 on the $150,000 mortgage note.  The trial court granted Pucketts motion for 
 summary judgment.  George appealed the decision to this court and we affirmed 
 the trial court.  Puckett v. George, 2002-UP-671 (Ct. App. 2002).  When 
 Puckett initiated actions to collect on the mortgage note judgment, George filed 
 a Rule 60(b) motion for relief from judgment, claiming he should get credit 
 against the judgment for the amount that the fair market value of the property 
 exceeded the foreclosure judgment amount.  The trial court denied the motion 
 based on its finding that the mortgage note was not related to a real estate 
 transaction, but to the sale of goodwill and other intangible property.  This 
 appeal followed.
LAW/ANALYSIS
George claims the trial court erred 
 in failing to reduce the judgment on the mortgage note by the value of the property 
 obtained by the mortgagee in a prior foreclosure action on the promissory note.  
 We disagree. 
The $150,000 note signed by George was 
 unrelated to the real estate transaction and was clearly a separate debt on 
 which Puckett foreclosed.  The attorney for the real estate closing of Joes 
 Mini-Mall testified by affidavit that the note represented the intangible value 
 of the property, which included among other things, goodwill and location.  
 He further stated, The exact terms of the note were something that had been 
 discussed and agreed to, in [his] presence, several months prior to the actual 
 document closing.  Furthermore, Pucketts accountants affidavit cited the 
 total purchase price of Joes Mini-Mall as $1,250,000, a combined total price 
 of the note for the real estate and the note currently in dispute.  In its order 
 for summary judgment, the trial court found no reference in the promissory 
 note to any real estate transaction.  Finally, this court affirmed the trial 
 courts grant of summary judgment on this same issue.  
Any unappealed portion of a judgment is 
 the law of the case and must therefore be affirmed.  Tolers Cove Homeowners 
 Assn, Inc. v. Trident Constr. Co., 355 S.C. 605, 610, 586 S.E.2d 581, 584 
 (2003); Rumpf v. Massachusetts Mut. Life Ins. Co., 357 S.C. 386, 398, 
 593 S.E.2d 183, 189 (Ct. App. 2004).  George did not appeal this courts decision; 
 he simply tried to make the same argument to the trial court once Puckett attempted 
 to enforce the judgment.  The trial court and the court of appeals have found 
 the notes to be separate and distinct debts.  In keeping with Tolers Cove 
 and Rumpf, these factual and legal conclusions are law of the case.  
 George was not entitled to a reduction of judgment on the mortgage note by the 
 value of the property obtained by the mortgagee in the prior foreclosure action 
 on the promissory note.      
CONCLUSION
For the reasons stated herein, the trial courts 
 denial of relief from judgment is
 AFFIRMED. 
 [2] 
HEARN, C.J., GOOLSBY and WILLIAMS, JJ., concur.

 
 
 [1] Throughout his brief, George refers to the $150,000 note as the mortgage 
 note, and the $1,000,000 note as the promissory note.  To prevent confusion, 
 this opinion will identify the documents in the same manner.

 
 
 [2] We decide this case without oral argument pursuant to Rule 215, SCACR.