708 S.E.2d 225

The RICHLAND HORIZONTAL PROPERTY REGIME HOMEOWNERS ASSOCIATION, INC., Peggy Johnson, and Michael D. McCord, Respondents,

v.

SKY GREEN HOLDINGS, INC., ARC, LLC, Ron Cobb, and also all other persons unknown claiming any right, title, estate, interest in or lien upon the real estate described in the Complaint, Appellants.

No. 4795.

Court of Appeals of South Carolina.

Submitted Dec. 1, 2010.

Decided Feb. 23, 2011.

Rehearing Denied April 21, 2011.

James A. Blair, III, Nikole Setzler Mayo, and Manton M. Grier, all of Greenville, for Appellants.

Jason James Andrighetti, of Greenville, for Respondents.

FEW, C.J.

In this appeal we are called upon to determine what the Legislature meant by the term "on the first page of the contract" in section 15–48–10(a) of the South Carolina Uniform Arbitration Act (2005). We hold that the term means the page preceding all other pages in the contract. We agree with the circuit court that the notice of arbitration in this case does not comply with the statute, and affirm the denial of the motion to compel arbitration.[1]

"The Richland" is a condominium building in the City of Greenville. The original design for the building as reflected in the master deed[2] contained twenty-four units. Sky Green Holdings, Inc., the developer, sold twenty of the twenty-four units according to the terms of the master deed. Section 5 of the master deed provides: "A Condominium owner shall have the exclusive ownership of his Condominium and shall have a common right to share, with the other Co-owners, in the common elements of the Regime. . . ." After the sale of the first twenty units, Sky Green filed a "supplemental" master deed amending the original by adding one unit that did not

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. " 'Master deed' . . . means the deed . . . establishing and recording the property of the horizontal property regime." S.C.Code Ann. § 27–31–20(i) (2007).

previously exist. It also allotted the new unit a 4% ownership interest in the common elements, and reduced each of the original units' share in the common elements accordingly. Sky Green conveyed the new unit to ARC, LLC for five dollars.

█ Peggy Johnson and Michael McCord are two of the original unit owners and members of The Richland Horizontal Property Regime Homeowner's Association. Johnson, McCord and the Homeowner's Association filed suit against Sky Green, ARC and others alleging that the sale of the new unit violated the terms of the master deed. They sought various forms of relief, primarily a declaratory judgment that the new unit remained a part of the original common elements. The defendants filed a motion to compel arbitration, which the circuit court denied on the basis that the notice of arbitration is not located on the first page of the master deed as required by section 15–48–10(a).[3] Defendants contend on appeal that the circuit court misconstrued the term "on the first page of the contract."

Section 15–48–10(a) of the Uniform Arbitration Act provides:

> Notice that a contract is subject to arbitration pursuant to this chapter shall be typed in underlined capital letters, or rubber-stamped prominently, *on the first page of the contract* and unless such notice is displayed thereon the contract shall not be subject to arbitration.

S.C.Code Ann. § 15–48–10(a) (2005) (emphasis added).[4] Our supreme court has held that the terms of this section are "clear" and "the court must apply those terms according to their literal meaning." *Soil Remediation Co. v. Nu-Way Envtl., Inc.*, 323 S.C. 454, 457, 476 S.E.2d 149, 151 (1996). *See*

3. The plaintiffs also opposed the motion to compel arbitration on the ground that the master deed is not a contract. Apparently satisfied with his ruling on the "first" issue, however, the circuit court did not reach this question; nor do we.

4. Neither party asserts that the master deed is a transaction involving interstate commerce. Thus, section 15–48–10(a) is not pre-empted by the Federal Arbitration Act in this case. *See Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 540, 542 S.E.2d 360, 364 (2001) (holding Uniform Arbitration Act preempted and thus not enforceable as to a transaction involving interstate commerce).

*also Zabinski v. Bright Acres Assocs.,* 346 S.C. 580, 589, 553
S.E.2d 110, 114 (2001) ("The notice provision must be typed
... on the first page of the contract. No other variation is
acceptable."). The term "first" is defined as preceding all
others. *Black's Law Dictionary* 635 (6th ed.1990).[5] Thus, the
"first page" of a contract is the page preceding all other pages.
The first page of the master deed does not contain the
required notice of arbitration. Therefore, the master deed
does not comply with section 15–48–10(a), and is not subject to
arbitration.

The defendants argue, however, that the master deed con-
tains a "cover page," and thus the second page is actually the
first page. In support of this argument, the defendants point
out that the second page contains the following statement:

> This is the first page of the Master Deed for The Richland
> Horizontal Property Regime. In the event other pages
> including but not limited to cover pages, indexes, or tables
> of contents are placed in front of this page, those pages
> shall not be deemed the first page. This page and this page
> only shall be deemed the first page of the Master Deed for
> all legal purposes.

Despite this language, the first page is part of the master
deed. It prominently displays the title of the document:
"MASTER DEED OF THE RICHLAND HORIZONTAL
PROPERTY REGIME." It contains the stamp of the Regis-
ter of Deeds with book and page numbers; the statement
"Developer: Sky Green Holdings, Inc.;" and the name, firm
and contact information of the lawyer who "prepared" the
master deed. Because it is part of the master deed, and
because it precedes all other pages, it is the first page of the
master deed.

■■■ The defendants suggest we should decide this case "in
light of the strong public policy favoring arbitration." While
we acknowledge the strength of that policy, we adhere to the
even stronger mandate that we apply the plain language of a
statute. *See Media Gen. Commcns., Inc. v. S.C. Dep't of
Revenue,* 388 S.C. 138, 148, 694 S.E.2d 525, 530 (2010)

---

5. Black's Law Dictionary defines "first" more fully as "[p]receding all
others; foremost; ... earliest in time or succession or foremost in
position; in front of or in advance of all others." *Id.*

("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." (internal quotations omitted)). Parties to a contract may not circumvent the requirements of a statute by redefining its plain and unambiguous terms.

**AFFIRMED.**

SHORT and WILLIAMS, JJ., concur.