**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Turkey Creek Development, LLC, a South Carolina Limited Liability Company, R.A. Green, III, P. Jason Luquire, and Kenneth R. Kellahan, Respondents,

v.

TD Bank, Daniel Siau, and James Ramsbottom, Appellants.

Appellate Case No. 2010-172187

———————————

Appeal From Georgetown County
Larry B. Hyman, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-403
Heard June 7, 2012 – Filed July 11, 2012

———————————

**AFFIRMED**

———————————

Clayton M. Custer, D. Allen Grumbine, and Catherine Farrell Wrenn, all of Womble Carlyle Sandridge & Rice, LLP, of Greenville, for Appellants.

Jennifer Rose Kellahan, of Jenkinson Jarrett & Kellahan, PA, of Kingstree; J. Edward Bell, III, and James Bernice Moore, III, both of Bell Legal Group, of Georgetown, for Respondents.

**PER CURIAM:** This appeal arises from the circuit court's order denying Appellants TD Bank, Daniel Siau, and James Ramsbottom's motion to dismiss and/or compel arbitration. On appeal, Appellants argue the circuit court erred in (1) denying Appellants' leave for discovery; (2) finding the arbitration clause did not comply with section 15-48-10(a) of the South Carolina Code; and (3) finding the arbitration clause did not encompass plaintiffs' complaint. We affirm.

1.      As to whether the circuit court erred in denying Appellants' leave to conduct discovery, we affirm. *See Fairchild v. S.C. Dep't of Transp.*, Op. No. 27112 (S.C. Sup. Ct. filed April 11, 2012) (Shearouse Adv. Sh. No. 13 at 39) ("A trial court's rulings in matters related to discovery generally will not be disturbed on appeal in the absence of a clear abuse of discretion."); *Sundown Operating Co. v. Intedge Indus.*, 383 S.C. 601, 607, 681 S.E.2d 885, 888 (2009) (noting an abuse of discretion occurs when the trial court's order is controlled by an error of law or when no evidence supports the trial court's factual conclusions). Specifically, we find Appellants had ample time to conduct limited discovery to determine whether the Federal Arbitration Act applied to this transaction and that the circuit court did not abuse its discretion in denying Appellants' last minute request to conduct discovery. *See Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 538, 542 S.E.2d 360, 363 (2001) (noting "the FAA applies in federal or state court to any arbitration agreement regarding a transaction that in fact involves interstate commerce"); *see, e.g., Toler's Cove Homeowners Ass'n, Inc. v. Trident Constr. Co.*, 355 S.C. 605, 612, 586 S.E.2d 581, 585 (2003) (finding a thirteen-month period where discovery was "very limited in nature and the parties had not availed themselves of the court's assistance," and "Respondent had not held any depositions," did not demonstrate waiver); *see also Rhodes v. Benson Chrysler-Plymouth, Inc.*, 374 S.C. 122, 126-27, 647 S.E.2d 249, 251 (Ct. App. 2007) (comparing waiver cases).

2.      As to whether the circuit court erred in holding that the acquisition loan agreement's arbitration provision is unenforceable under South Carolina law, we affirm. *See* S.C. Code Ann. § 15-48-10(a) (2005) ("A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract. Notice that a contract is subject to arbitration pursuant to this chapter *shall be typed in underlined capital letters*, or rubber-stamped prominently, on the first page of the contract and *unless such notice is*

*displayed thereon the contract shall not be subject to arbitration.*" (emphases added)).  Specifically, we find the arbitration notice provision does not comply with section 15-48-10(a) because the clause was not fully underlined.  *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 588-89, 553 S.E.2d 110, 114 (2001) (noting the terms of 15-48-10(a) are clear and must be applied according to their literal meaning); *Soil Remediation Co. v. Nu-Way Envtl., Inc.*, 323 S.C. 454, 457-58, 476 S.E.2d 149, 151 (1996) (holding arbitration provision did not comply with section 15-48-10(a) because notice provision was not underlined); *see also Richland Horizontal Prop. Regime Homeowners Ass'n v. Sky Green Holdings, Inc.*, 392 S.C. 194, 197, 708 S.E.2d 225, 226 (Ct. App.  2011) (finding dispute was not subject to arbitration because notice was not on the first page of the contract); *Zabinski*, 346 S.C at 588, 553 S.E.2d at 114 (finding arbitration provision invalid because of failure to stamp the first page of agreement).

3.      As to whether the circuit court erred in finding that the scope of the acquisition agreement's arbitration provision does not encompass the complaint, we decline to address Appellants' argument because our disposition of the previous issues is dispositive of this interlocutory appeal.  *See Whiteside v. Cherokee Cnty. Sch. Dist. No. One*, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (noting appellate court need not address remaining issues when determination of prior issue is dispositive).

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**