**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Concerned Riverchase Estate Owners, Andrew Dodd, Heather Dodd, and Charles Ratay, Respondents,

v.

Riverchase Estates Property Owners Association, Inc.; LGI Land SC, LLC; LGI Holdings, LLC; LGI Development, Inc., and Lexon Insurance Company, Inc., Petitioners.

Concerned Riverchase Estate Owners, Clark, Perry, Elder, and White, Respondents,

v.

Riverchase Estates Property Owners Association, Inc.; Woodforest Bank, N.A.; LGI Land SC, LLC; and LGI Holdings, LLC; LGI Development, Inc.; and Lexon Insurance Company, Inc., Defendants,

Of whom Riverchase Estates Property Owners Association, Inc.; LGI Land SC, LLC; and LGI Holdings, LLC; LGI Development, Inc.; and Lexon Insurance Company, Inc., are the Petitioners.

Appellate Case No. 2016-000798

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal from Lancaster County

R. Knox McMahon, Circuit Court Judge

Memorandum Opinion No. 2018-MO-012
Heard March 7, 2018 – Filed March 28, 2018

**AFFIRMED**

William M. White and W. Chaplin Spencer Jr., of Spencer
& Spencer, PA, of Rock Hill, for Petitioners,

Leland B. Greeley, of Leland B. Greeley, PA, of Rock Hill
and  J. Cameron Halford, of Halford, Niemiec & Freeman,
LLP, of Fort Mill, both for Respondents.

**PER CURIAM:**   The issue in this case is whether the circuit court's order is immediately appealable.  The court of appeals dismissed the appeal finding the order was one "compelling arbitration," and the petitioners are "not an aggrieved party" because they received what they asked for in their motion to compel arbitration.  We agree with the court of appeals and affirm the dismissal of the appeal.

Petitioners filed a motion to compel arbitration in Texas and the circuit court initially denied the motion.  Petitioners then filed a motion to reconsider under Rule 59(e) of the South Carolina Rules of Civil Procedure.  In the motion to reconsider, petitioners requested the alternative relief that the circuit court "dismiss this action and compel arbitration in South Carolina."  We interpret petitioners' request in the motion to reconsider as a motion to compel arbitration generally—as opposed to a request for arbitration in the specific location set forth in the agreement.  After the circuit court's initial order, petitioners were faced with litigating the claims against them before a jury or appealing the court's order denying arbitration.  Rather than taking one of those options, they chose to request arbitration either in Texas—as set forth in the agreement—or in South Carolina.  The circuit court granted the motion to compel arbitration in South Carolina—one of the alternative locations requested.

Rule 201(b) of the South Carolina Appellate Court Rules provides, "Only a party aggrieved by an order, judgment, sentence or decision may appeal."  The petitioners are not an aggrieved party because they were granted the relief they requested.  In addition, because the order compels arbitration as petitioners requested, it is not

immediately appealable.  *See Heffner v. Destiny, Inc.*, 321 S.C. 536, 537-38, 471 S.E.2d 135, 136 (1995) (holding an order compelling arbitration is not immediately appealable because it is not included in the list of appealable orders in subsection 15-48-200(a) of the South Carolina Code (2005)).

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**