## THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Amanda Leigh Huskins and Jay R. Huskins, Appellants,

v.

Mungo Homes, LLC, Respondent.

Appellate Case No. 2018-000889

———————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Opinion No. 5916
Heard May 5, 2021 – Filed June 1, 2022
Withdrawn, Substituted, and Refiled February 15, 2023

———————

**AFFIRMED AS MODIFIED**

———————

Charles Harry McDonald, of Belser & Belser, PA; Beth
B. Richardson, of Robinson Gray Stepp & Laffitte, LLC;
Brady Ryan Thomas, of Richardson, Thomas,
Haltiwanger, Moore & Lewis; and Matthew Anderson
Nickles, of Rogers, Patrick, Westbrook & Brickman,
LLC, all of Columbia; and Terry E. Richardson, Jr., of
Richardson, Thomas, Haltiwanger, Moore & Lewis, of
Barnwell, all for Appellants.

Steven Raymond Kropski and David W. Overstreet, both
of Earhart Overstreet, LLC, of Charleston, for
Respondent.

———————

**LOCKEMY, A.J.:** Amanda Leigh Huskins and Jay R. Huskins (collectively, the Huskinses) appeal the circuit court's order granting Mungo Homes, LLC's (Mungo's) motion to dismiss and compel arbitration. The Huskinses argue the circuit court erred in (1) finding the limitations period contained in the arbitration provision was not one-sided, oppressive, and unconscionable; (2) finding the arbitration provision applied mutually to Mungo and the Huskinses; (3) failing to consider the one-sided and oppressive terms of a limited warranty provision in determining whether the arbitration agreement was unconscionable; and (4) granting the motion to dismiss the Huskinses' claims involving the limited warranty provision even though it concluded the arbitration provision did not include claims arising under the limited warranty provision. We affirm the circuit court's order as modified.

## FACTS AND PROCEDURAL HISTORY

The Huskinses entered into a purchase agreement (the Purchase Agreement) with Mungo in June 2015 for the purchase of a new home in the Westcott Ridge subdivision in Irmo. The Purchase Agreement consisted of three pages. The top of the first page provided: "THIS AGREEMENT IS SUBJECT TO ARBITRATION PURSUANT TO S.C. CODE 15-48-10 ET SEQ."[1] The second page included a paragraph with the heading "LIMITED WARRANTY" (the Limited Warranty provision), which stated the following:

> The Seller to furnish the Purchaser, at closing, a limited warranty issued by Quality Builders Warranty Corporation, a sample copy of which is available for inspection prior to closing at the offices of the Seller during reasonable business hours, said limited warranty is hereinafter referred to as the Quality Builders Warranty Corporation Limited Warranty.
>
> THE QUALITY BUILDERS WARRANTY CORPORATION LIMITED WARRANTY ISSUED TO THE PURCHASER IN CONNECTION WITH THIS TRANSACTION IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED. ANY WARRANTY OF HABITABILITY, SUITABILITY

---

[1] *See* S.C. Code Ann. § 15-48-10 to -240 (2005) (establishing the South Carolina Uniform Arbitration Act (the UAA)).

FOR RESIDENTIAL PURPOSES, MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE IS HEREBY EXCLUDED AND DISCLAIMED. SELLER SHALL IN NO EVENT BE LIABLE FOR CONSEQUENTIAL OR PUNITIVE DAMAGES OF ANY KIND. THERE IS NO WARRANTY WHATSOEVER ON TREES, SHRUBS, GRASS, VEGETATION OR EROSION CAUSED BY LACK THEREOF NOR ON SUBDIVISION IMPROVEMENTS INCLUDING, BUT NOT LIMITED TO, STREETS, ROADS, SIDEWALKS, SEWER, DRAINAGE OR UTILITIES. PURCHASER AGREES TO ACCEPT SAID LIMITED WARRANTY IN LIEU OF ALL OTHER RIGHTS OR REMEDIES, WHETHER BASED ON CONTRACT OR TORT. This limited warranty will be incorporated in the deed delivered at closing.

The issuance of a certificate of completion or occupancy or final inspection approval by any governmental entity shall constitute a final determination, binding on the parties that the Property and improvements are in full compliance with all applicable laws, regulations and building codes.

The next page contains a paragraph with the heading "ARBITRATION AND CLAIMS" and states,

Any claim, dispute or other matter in question between the parties hereto arising out of this Agreement, related to this Agreement or the breach thereof, including without limitation, disputes relating to the Property, improvements, or the condition, construction or sale thereof and the deed to be delivered pursuant hereto, shall be resolved by final and binding arbitration before three (3) arbitrators, one selected by each party, who shall mutually select the third, pursuant to the South Carolina Uniform Arbitration Act. Arbitration shall be commenced by a written demand for arbitration to the other party specifying the issues for arbitration and

designating the demanding parties [sic] selected arbitrator.  Each and every demand for arbitration shall be made within ninety (90) days after the claim, dispute or other matter in question has arisen, except that any claim, dispute or matter in question arising from either party's termination of this Agreement shall be made within thirty (30) days of the written notice of termination.  Any claim, dispute or other matter in question not asserted within said time periods shall be deemed waived and forever barred.

In July 2017, the Huskinses filed an action against Mungo alleging the Purchase Agreement violated South Carolina law by disclaiming certain implied warranties without providing a reduction in sales price or other benefit to the purchaser for relinquishing such rights.  The Huskinses alleged causes of action for (1) breach of contract and the implied covenant of good faith and fair dealing, (2) unjust enrichment, (3) violation of the South Carolina Unfair Trade Practices Act (SCUTPA),[2] and (4) declaratory relief regarding the validity of the waiver and release of warranty rights and the validity of Mungo's purported transfer of all remaining warranty obligations to a third party.  They did not allege any problems with the home.

Mungo filed a motion to dismiss and compel arbitration, arguing the Huskinses' claims were subject to arbitration pursuant to the Arbitration and Claims provision (the Arbitration Clause) contained in the Purchase Agreement.  The Huskinses filed a memorandum opposing the motion, arguing the Arbitration Clause was unconscionable and unenforceable.  They asserted the court should consider the Purchase Agreement's limitations on warranties as part of the agreement to arbitrate and thus find the Arbitration Clause was unconscionable.  In addition, the Huskinses argued a provision contained in the Arbitration Clause that limited the time to bring a claim to thirty or ninety days was unconscionable, could not be severed, and rendered the entire Arbitration Clause unenforceable.

After hearing the motion, the circuit court issued an order granting the motion to dismiss and compelling arbitration.  The circuit court found that although the Huskinses lacked a meaningful choice, the terms of the Arbitration Clause were not one-sided and oppressive, and the Arbitration Clause was therefore not unconscionable.  In considering whether the terms were one-sided and oppressive,

---

[2] S.C. Code Ann. § 39-5-10 to -730 (1976 & Supp. 2021).

the circuit court found that (1) the Limited Warranty provision must be read in isolation from the Arbitration Clause, and (2) the terms in the Arbitration Clause pertaining to the ninety-day time limit were not one-sided and oppressive because they did not waive any rights or remedies otherwise available by law.  The Huskinses filed a motion to reconsider pursuant to Rule 59(e), SCRCP, which the circuit court summarily denied.  This appeal followed.

## ISSUES ON APPEAL

1. Did the circuit court err in finding the provision limiting the time in which to bring a claim was not one-sided, oppressive, and unconscionable?

2. Did the circuit court err in failing to consider the Limited Warranty provision as part of the Arbitration Clause and thus failing to find the Arbitration Clause unconscionable?

3. Did the circuit court err by granting Mungo's motion to dismiss the Huskinses' action when it involved claims falling under the Limited Warranty provision?

## STANDARD OF REVIEW

"An appellate court applies the same standard of review as the trial court when reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP."  *Cap. City Ins. Co. v. BP Staff, Inc.*, 382 S.C. 92, 99, 674 S.E.2d 524, 528 (Ct. App. 2009).  "The trial court's grant of a motion to dismiss will be sustained only if the facts alleged in the complaint do not support relief under any theory of law."  *Id.*

"Arbitrability determinations are subject to *de novo* review.  Nevertheless, a circuit court's factual findings will not be reversed on appeal if any evidence reasonably supports the findings."  *Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 22, 644 S.E.2d 663, 667 (2007) (citation omitted).

## LAW AND ANALYSIS

## I.  APPEALABILITY

As an initial matter, Mungo maintains the circuit court's order is not immediately appealable.  The Huskinses argue that under *Widener v. Fort Mill Ford*, 381 S.C. 522, 674 S.E.2d 172 (Ct. App. 2009), the order was immediately appealable because it granted Mungo's Rule 12(b)(6), SCRCP, motion to dismiss.  We agree.

Our supreme court has held our state procedural rules—rather than the Federal Arbitration Act (FAA)—govern appealability of arbitration orders.[3] *See Toler's Cove Homeowners Ass'n, Inc. v. Trident Const. Co.*, 355 S.C. 605, 611, 586 S.E.2d 581, 584-85 (2003) (holding that "because South Carolina's procedural rule on appealability of arbitration orders, rather than the FAA rule, [wa]s applicable, the court's order compelling arbitration [wa]s not immediately appealable"). Ordinarily, an order granting a motion to compel arbitration is not immediately appealable. *See* § 15-48-200(a) (providing that "[a]n appeal may be taken from: (1) An order denying an application to compel arbitration . . . ; (2) An order granting an application to stay arbitration . . . ; (3) An order confirming or denying confirmation of an award; (4) An order modifying or correcting an award; (5) An order vacating an award without directing a rehearing; or (6) A judgment or decree entered pursuant to the provisions of th[e UAA]"). However, the "[d]ismissal of an action pursuant to Rule 12(b)(6) is appealable." *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 500 (Ct. App. 2001).

In *Widener*, this court held an order dismissing the action without prejudice and ordering arbitration was immediately appealable, reasoning that "[b]y dismissing [the] action, the [circuit] court finally determined the rights of the parties[, and] therefore, [this court had] jurisdiction pursuant to section 14-3-330 of the South Carolina Code [(2017)]." 381 S.C. at 524, 674 S.E.2d at 173-74; *see also* § 14-3-330(2) (providing the appellate courts have jurisdiction in an appeal from "[a]n order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, . . . or (c) strikes out . . . any pleading in any action"). The appellant in *Widener* argued the dismissal of the action prejudiced him because the statute of limitations would bar him from bringing any future action after the conclusion of the arbitration proceedings. *Id.* at 525, 674 S.E.2d at 174. This court did not decide the merits of the case but reversed and remanded the matter to the trial court to vacate the dismissal and enter an order staying the action "pending the outcome of the arbitration proceedings." *Id.* In contrast, the court in *Toler's Cove*—which did not involve a Rule 12(b)(6) dismissal—found the

---

[3] *See* 9 U.S.C. § 16(a)(3) (providing that under the FAA, an appeal may be taken from "a final decision with respect to an arbitration"); *see also Stedor Enters., Ltd. v. Armtex, Inc.*, 947 F.2d 727, 731 (4th Cir. 1991) (holding "when a district court compels arbitration in a proceeding in which there are no other issues before the court, that order is final . . . because the court has disposed of the whole case on the merits").

order compelling arbitration was not immediately appealable but addressed the merits of the appeal "because [the] issues [we]re capable of repetition and need[ed] to be addressed."  355 S.C. at 611, 586 S.E.2d at 584-85.

Here, as in *Widener*, the Huskinses appeal an order dismissing the case, which is an appealable order.  *See Williams*, 347 S.C. at 233, 553 S.E.2d at 500 (stating an order dismissing an action pursuant to Rule 12(b)(6) is immediately appealable).  In dismissing the Huskinses' claims, the circuit court addressed only the issue of the enforceability of the Arbitration Clause.  Unlike the appellant in *Widener*, the Huskinses do not argue the dismissal prejudiced them; rather, they ask this court to address the merits of the circuit court's decision as to the enforceability of the Arbitration Clause and reverse the order compelling arbitration.  We find the order granting the motion to dismiss and compelling arbitration is appealable, and we address the merits because the issue is capable of repetition.  *See Toler's Cove*, 355 S.C. at 611, 586 S.E.2d at 584-85 (finding an order compelling arbitration was not immediately appealable but reviewing the issues on the merits because they were "capable of repetition and need[ed] to be addressed").

## II.  ENFORCEABILITY OF ARBITRATION AGREEMENT

The Huskinses argue the Arbitration Clause was unenforceable because it included unconscionable terms that cannot be severed, including the Limited Warranty provision and a "limitation of claims" provision.  We address each of these arguments in turn.

## A.  Limited Warranty Provision

The Huskinses challenge the validity of the Limited Warranty provision and assert it must be read together with the Arbitration Clause because it encompassed warranty claims and the provisions cross-referenced one another and were thus substantively intertwined.  We disagree.

"Arbitration clauses are separable from the contracts in which they are imbedded." *Hous. Auth. of Columbia v. Cornerstone Hous., LLC*, 356 S.C. 328, 338, 588 S.E.2d 617, 622 (Ct. App. 2003) (quoting *Jackson Mills Inc. v. BT Cap. Corp.*, 312 S.C. 400, 403, 440 S.E.2d 877, 879 (1994)).  "[T]he issue of [the arbitration clause's] validity is distinct from the substantive validity of the contract as a whole."  *Id.* (alteration in original) (quoting *Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 540, 542 S.E.2d 360, 364 (2001)).  "Even if the overall contract is unenforceable, the arbitration provision is not unenforceable unless the reason the

overall contract is unenforceable specifically relates to the arbitration provision."[4] *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 630, 667 S.E.2d 1, 6 (Ct. App. 2008) (quoting *Cornerstone Hous.*, 356 S.C. at 340, 588 S.E.2d at 623); *see also Smith v. D.R. Horton, Inc.*, 417 S.C. 42, 48, 790 S.E.2d 1, 4 (2016) (noting the "*Prima Paint* doctrine" required that "in conducting an unconscionability inquiry, courts may only consider the provisions of the arbitration agreement itself, and not those of the whole contract"); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967).

In *D.R. Horton*, instead of considering the arbitration agreement separately from the entire contract, our supreme court considered the warranty provisions and the arbitration provisions of the contract together and construed "the entirety of paragraph 14, entitled 'Warranties and Dispute Resolution,' as the arbitration agreement." 417 S.C. at 48, 790 S.E.2d at 4. The court stated,

> As the title indicates, all the subparagraphs of paragraph 14 must be read as a whole to understand the scope of the warranties and how different disputes are to be handled. The subparagraphs within paragraph 14 contain numerous cross-references to one another, intertwining the subparagraphs so as to constitute a single provision.

*Id.* The Arbitration Clause in this case differs from that in *D.R. Horton*. Although *D.R. Horton* also involved a home purchase agreement, there, Paragraph 14 of the agreement was titled "Warranties *and Dispute Resolution*" and consisted of subparagraphs 14(a) through 14(j). *Id.* at 45, 790 S.E.2d at 2 (emphasis added). Two of the subparagraphs stated the parties agreed to arbitrate any disputes related to the warranties contained in the purchase agreement and any claims arising out of the construction of the home. *Id.* In most of the remaining subparagraphs of Paragraph 14, D.R. Horton expressly disclaimed all warranties except for a ten-year structural warranty, and subparagraph 14(i) stipulated D.R. Horton was

---

[4] Although the circuit court determined the UAA governed the parties' dispute, the application of the UAA as opposed to the FAA does not affect our analysis. *See Munoz*, 343 S.C. at 540, 542 S.E.2d at 364 ("Under the FAA, an arbitration clause is separable from the contract in which it is embedded and the issue of its validity is distinct from the substantive validity of the contract as a whole."); *Simpson*, 373 S.C. at 22 n.1, 644 S.E.2d at 667 n.1 (noting that "even in cases where the FAA otherwise applies, general contract principles of state law apply in a court's evaluation of the enforceability of an arbitration clause").

not "liable for monetary damages of any kind." *Id.* Here, however, the Limited Warranty provision is a completely separate provision in the Purchase Agreement and contains no reference to arbitration or the Arbitration Clause. Further, the Arbitration Clause contains no cross references to the Limited Warranty provision. Because the two provisions were completely separate and did not cross-reference one another, this court need not construe them together to determine the scope of the warranties or how different disputes were to be handled. This case is therefore distinguishable from *D.R. Horton*, and the circuit court did not err in reviewing the Arbitration Clause in isolation from the remainder of the Purchase Agreement, including the Limited Warranty provision.

## B. Limitation of Claims Provision

The Huskinses argue the Arbitration Clause was unenforceable because it required a demand for arbitration to be filed within ninety days of the date the claim, dispute, or other matter arose, or within thirty days if the claim, dispute, or other matter arose from either party's termination of the Purchase Agreement or such claims would be forever barred. They assert this "limitation of claims" provision restricted the statutory limitations period from three years to ninety days and was not severable from the Arbitration Clause. The Huskinses additionally contend that, as a practical matter, this provision applied only to purchasers and such "lack of mutuality" further demonstrated the "one-sided and oppressive nature" of the arbitration clause. We agree this provision abbreviates the statute of limitations period and is one-sided and oppressive. Nevertheless, we find the arbitration clause is enforceable because the unconscionable provision is severable.

"Arbitration is a matter of contract law and general contract principles of state law apply to a court's evaluation of the enforceability of an arbitration clause." *Parsons v. John Wieland Homes & Neighborhoods of the Carolinas, Inc.*, 418 S.C. 1, 6, 791 S.E.2d 128, 131 (2016); *see also Palmetto Constr. Grp., LLC v. Restoration Specialists, LLC*, 432 S.C. 633, 639, 856 S.E.2d 150, 153 (2021), ("[W]hen considered in the proper context, our statements that the law 'favors' arbitration mean simply that courts must respect and enforce a contractual provision to arbitrate as it respects and enforces all contractual provisions. There is, however, no public policy—federal or state—'favoring' arbitration."), *reh'g denied*, S.C. Sup. Ct. Order dated Apr. 20, 2021. "[A] contract may be invalid—and courts may properly refuse to enforce it—when it is unconscionable. A court may invalidate an arbitration clause based on defenses applicable to contracts generally, including unconscionability." *Doe v. TCSC, LLC*, 430 S.C. 602, 612, 846 S.E.2d 874, 879 (Ct. App. 2020). "Unconscionability has been recognized as

the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them."  *Carolina Care Plan, Inc. v. United HealthCare Servs., Inc.*, 361 S.C. 544, 554, 606 S.E.2d 752, 757 (2004).  "In analyzing claims of unconscionability in the context of arbitration agreements, the Fourth Circuit has instructed courts to focus generally on whether the arbitration clause is geared towards achieving an unbiased decision by a neutral decision-maker."  *Simpson*, 373 S.C. at 25, 644 S.E.2d at 668.

## 1.  Unconscionability

### a.  Absence of Meaningful Choice

We conclude the evidence showed the absence of a meaningful choice on the part of the Huskinses.  *See id.* at 25, 644 S.E.2d at 669 ("In determining whether a contract was 'tainted by an absence of meaningful choice,' courts should take into account the nature of the injuries suffered by the plaintiff; whether the plaintiff is a substantial business concern; the relative disparity in the parties' bargaining power; the parties' relative sophistication; whether there is an element of surprise in the inclusion of the challenged clause; and the conspicuousness of the clause." (quoting *Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 295 (4th Cir. 1989))); *id.* ("Absence of meaningful choice on the part of one party generally speaks to the fundamental fairness of the bargaining process in the contract at issue.").  The Huskinses were average purchasers of residential real estate, were not represented by independent counsel, and were not a substantial business concern to Mungo such that they possessed more bargaining power than any other average homebuyer would.  Therefore, evidence supports the circuit court's finding that the Huskinses lacked a meaningful choice in entering the agreement to arbitrate.

### b.  Oppressive and One-Sided Terms

Next, we conclude the evidence does not support the circuit court's finding that the terms contained in the limitation of claims provision were not one-sided and oppressive.

South Carolina provides for a three-year statute of limitations in an "action upon a contract, obligation, or liability, express or implied."  S.C. Code Ann. § 15-3-530(1) (2005).  Section 15-3-140 of the South Carolina Code (2005) provides:

No clause, provision or agreement in any contract of whatsoever nature, verbal or written, whereby it is agreed that either party shall be barred from bringing suit upon any cause of action arising out of the contract if not brought within a period less than the time prescribed by the statute of limitations, for similar causes of action, shall bar such action, but the action may be brought notwithstanding such clause, provision or agreement if brought within the time prescribed by the statute of limitations in reference to like causes of action.

The final two sentences of the Arbitration Clause effectively shorten the statutory period to ninety days and provide an even shorter period of thirty days when the "claim, dispute[,] or matter in question" arises from either party's termination of the Purchase Agreement. Even though this provision purports to apply equally to both parties, as a practical matter, it would disproportionately affect the homebuyer's ability to bring a claim. Further, it is not "geared towards achieving an unbiased decision by a neutral decision-maker." *See Simpson*, 373 S.C. at 25, 644 S.E.2d at 668. We conclude this provision violates sections 15-3-140 and 15-3-530 and is therefore unconscionable and unenforceable. *See id.* at 29-30, 644 S.E.2d at 671 ("The general rule is that courts will not enforce a contract [that] is violative of public policy, statutory law, or provisions of the Constitution."). We next consider whether this provision is severable or renders the entire Arbitration Clause unenforceable.

## 2. Severability

Although the Arbitration Clause contains no severability clause, section 36-2-302(1) allows this court to effectively sever the unconscionable provision.[5] *See* S.C. Code Ann. § 36-2-302(1) (2003) ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."); *see also Simpson*, 373 S.C. at 25, 644 S.E.2d at 668 ("If a court as a matter of law

---

[5] Although title 36 concerns commercial goods and sales, we note our supreme court recently cited section 36-2-302 for the proposition that unconscionable provisions could be severed in a residential home agreement context. *See Damico v. Lennar Carolinas, LLC*, 437 S.C. 596, 879 S.E.2d 746 (2022).

finds any clause of a contract to have been unconscionable at the time it was made, the court may refuse to enforce the unconscionable clause, or so limit its application so as to avoid any unconscionable result."); *see also Doe*, 430 S.C. at 615, 846 S.E.2d at 880 ("Courts have discretion though to decide whether a[n arbitration clause] is so infected with unconscionability that it must be scrapped entirely, or to sever the offending terms so the remainder may survive."); *cf. D.R. Horton*, 417 S.C. at 50 n.6, 790 S.E.2d at 5 n.6 (declining to consider "whether the unconscionable provisions [we]re severable" when the agreement lacked a severability clause and because "doing so would be the result of the Court rewriting the parties' contract rather than enforcing their stated intentions").

As we stated, we find the final two sentences of the Arbitration Clause shortening the statutory limitations period were unconscionable. Nevertheless, we conclude sections 15-3-140 and 36-2-302(1) operate to sever this portion of the Arbitration Clause. *See Simpson*, 373 S.C. at 35 n.9, 644 S.E.2d at 674 n.9 (acknowledging "many courts view severing the offending provision and otherwise proceeding with arbitration to be the preferred remedy for an unconscionable provision in an arbitration clause"). We find the present case is distinguishable from those cases prescribing severability such that the invalidation of the arbitration clause in its entirety is the more appropriate remedy. Here, as in *D.R. Horton*, the Arbitration Clause did not contain a severability clause. On the other hand, unlike *D.R. Horton*, the offending provision is distinct and constitutes the final two sentences of the Arbitration Clause. Thus, notwithstanding the lack of a severability clause, it is possible for this court to simply delete the offending language without affecting the basis of the parties' bargain or rewriting their agreement. Based on the foregoing, we sever the final two sentences from the remainder of the Arbitration Clause and we affirm the circuit court's order compelling arbitration as modified.[6]

---

[6] During the pendency of this case's petition for rehearing, our supreme court issued *Lennar*, 437 S.C. 596, 879 S.E.2d 746. The Huskinses contend *Lennar* controls this case. We respectfully disagree. The Huskinses claim that here, as there, the agreement with the developer had multiple provisions that were one-sided and unreasonable. We are constrained to look only at the arbitration clause because, as we noted earlier, the warranty provisions are separate from the arbitration clause. Section 15-3-140 was not at issue in *Lennar*, and that statute essentially instructs us to ignore the developer's attempt to shorten the limitations period. When we do that, we believe we are left with a valid arbitration clause, not a broken and unenforceable one. There are no other one-sided and unreasonable terms in the arbitration clause, as there were in *Lennar*.

## III. DISMISSAL OF WARRANTY CLAIMS

Finally, we find the Huskinses' contention that the circuit court erred in dismissing claims related to the Limited Warranty provision when it found the Limited Warranty "f[ell] outside" of the Arbitration Clause is without merit.  The circuit court did not find such claims fell outside of the scope of the Arbitration Clause.  Rather, in considering the enforceability of the Arbitration Clause, the circuit court concluded the Limited Warranty provision was separable and that the Arbitration Clause did not specifically limit the Huskinses' ability to bring a warranty action in a judicial setting.  The circuit court additionally concluded the Arbitration Clause provided that all claims and disputes arising out of the Purchase Agreement were subject to arbitration.  Thus, we conclude this argument is without merit.

## CONCLUSION

For the foregoing reasons, we find the order dismissing the Huskinses' complaint and compelling arbitration was immediately appealable.  We affirm, as modified, the order dismissing the complaint and compelling arbitration.

**AFFIRMED AS MODIFIED.**

**MCDONALD and HEWITT, JJ., concur.**