**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Julianne Foster, Plaintiff,

v.

Rhett Riviere, Katherine A. Thomas, Chase Enterprises, LLC of South Carolina, and Airbnb, Inc., Defendants,

Of which Rhett Riviere is the Appellant and Airbnb, Inc., is the Respondent.

Appellate Case No. 2023-001211

———————

Appeal From Aiken County
J. Cordell Maddox, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-298
Heard February 6, 2025 – Filed August 20, 2025

———————

**REVERSED and REMANDED**

———————

Joseph M. McCulloch, Jr. and Kathy R. Schillaci, both of McCulloch and Schillaci, of Columbia; James Mixon Griffin and Margaret Nicole Fox, both of Griffin Humphries LLC, of Columbia; John W. Harte, of Aiken; all for Appellant.

Richard A. Harpootlian and Phillip Donald Barber, both of Richard A. Harpootlian, P.A., of Columbia; Beattie B.

Ashmore, of Beattie B. Ashmore, P.A., of Greenville; C. Mitchell Brown, Matthew A. Abee, and Blake Terence Williams, of Nelson Mullins Riley & Scarborough LLP, of Columbia; Damali Taylor, of San Francisco, California; Dawn Sesisto, of Santa Monica, California; all for Respondent.

––––––––––––

**PER CURIAM:** Rhett Riviere appeals the trial court's denial of his motion to compel arbitration of Airbnb's third-party claims against him. Airbnb sued Riviere for breach of contract, contractual indemnification, interference with a contractual relationship, and equitable indemnification. Airbnb did not oppose Riviere's motion to compel arbitration. We reverse the trial court's order and remand to the circuit court for an order compelling arbitration.

"Appeal from the denial of a motion to compel arbitration is subject to de novo review." *Chassereau v. Global-Sun Pools, Inc.*, 363 S.C. 628, 631, 611 S.E.2d 305, 307 (Ct. App. 2005)).

"The [Federal Arbitration Act (FAA)] applies in state or federal court to any arbitration agreement involving interstate commerce, unless the parties contract otherwise." *Wilson v. Willis*, 426 S.C. 326, 336, 827 S.E.2d 167, 172 (2019). "The purpose of the FAA is 'to make arbitration agreements as enforceable as other contracts, but not more so.'" *Id.* at 336, 827 S.E.2d at 173 (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967)). "A party seeking to compel arbitration under the FAA must establish that (1) there is a valid agreement, and (2) the claims fall within the scope of the agreement." *Id.*

Section 19.4 of Airbnb's terms of service states in bold:

> *Agreement to Arbitrate.* You and Airbnb mutually agree that any dispute, claim or controversy arising out of or relating to these Terms or the applicability, breach, termination, validity, enforcement, or interpretation thereof, or to the use of the Airbnb Platform, the Host Services, the Group Payment Service, or the Collective Content (collectively, "Disputes") will be settled by binding individual arbitration (the "Arbitration Agreement"). If there is a dispute about whether this Arbitration Agreement can be enforced or applies to our

Dispute, you and Airbnb agree that the arbitrator will decide that issue.

The terms of service state the FAA governs the interpretation and enforcement of the arbitration clause. Riviere has demonstrated Airbnb's terms of service constitute a valid agreement and Airbnb's claims against Riviere—breach of contract, contractual indemnification, interference with a contractual relationship, and equitable indemnification—pertain to and fall within the scope of that agreement.

We hold the trial court erred in applying the direct benefits estoppel doctrine to deny Riviere's motion because whether *Foster* is a signatory to the terms of service is irrelevant in this particular case. Further, the trial court found arbitration was not appropriate in this case because Riviere's acts were so outrageous as to be unforeseeable. This was an error because whether Riviere's acts were so outrageous as to be unforeseeable is not relevant to the case before us.

Finally, Riviere argues the trial court erred in finding Riviere waived his right to compel arbitration. We agree. "There is no set rule as to what constitutes a waiver of the right to arbitrate; the question depends on the facts of each case." *Toler's Cove Homeowners Ass'n, Inc. v. Trident Const. Co., Inc.*, 355 S.C. 605, 612, 586 S.E.2d 581, 585 (2003). Airbnb brought its claims against Riviere on April 20, 2023, and Riviere filed his motion to compel arbitration of those claims barely one month later, on May 23, 2023. There was no delay in demanding arbitration in this case, and indeed, Riviere and Airbnb agree that Riviere did not waive his right to compel arbitration.

Accordingly, we **REVERSE** the trial court's order and **REMAND** to the trial court for an order compelling arbitration.

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**